KIMES ET AL. *v.* CITY OF GARY ET AL.

[No. 28,147. Filed May 31, 1946.]

*Arnold, Degnan, Goheen & Zimmerman, Don Gardner,* and *Walter R. Arnold,* all of South Bend, for appellants.

*Albert H. Gavit* and *Samuel S. Dubin,* both of Gary, for appellees.

YOUNG, J.—This is a class action filed by appellants, three in number, in their own behalf as individuals " and on behalf of and for the benefit of all other persons, firms and corporations owning or having any interest in or right to any liens or moneys arising from special assessments to discharge bonds and cou-

pons made, issued and created, by virtue of the establishment and performance of any work of construction and local improvement within the city of Gary, Indiana, which bonds matured after March 16, 1929, and on which there is unpaid any installment of principal or interest." A demurrer to an amended complaint was sustained and upon failure of appellants to plead over judgment was entered for appellee.

The amended complaint is entitled, "Amended Complaint for Declaratory Judgment and Accounting" and alleges that from the year 1920, and including June 30, 1931, the city of Gary, pursuant to proper action under the Barrett Law and according to a great number of resolutions, adopted at divers times, made various street, alley, sewer and other similar public improvements and issued special assessment bonds and interest coupons in connection therewith. At the end of the year 1937, there were outstanding more than $6,000,000, par value, of such Barrett Law bonds. These were bearer bonds and were owned by over 1,000 different widely scattered holders and the identity of some of the owners is unknown. All of the bonds and coupons held by plaintiff and those whom plaintiff represents have long since matured and an aggregate amount in excess of $250,000 is now in the hands of the city treasurer for application upon these bonds. The city treasurer and his predecessors up to the time of the decision of the case of *Read* v. *Beczkiewicz* (1938), 215 Ind. 365, 18 N. E. (2d) 789, had continuously disregarded the rule of "year by year" allocation of annual collections to bond maturities of the following year and had commingled collections and made payments to holders of bonds not entitled thereto. The city treasurer and his predecessors failed to collect penalties on delinquent assessments whereby $130,000

was lost to the special assessment delinquency and deficit fund and wrongfully used money collected on assessments, interest and penalties for payment of administrative expenses, and issued more bonds than there were waivers, and did not pay the difference or issue certificates for same, and failed to create an improvement sinking fund by levying a tax of one cent on each $100 taxable property for the benefit of that fund as provided by statute, by reason of which $1,250,000 has not become available for retirement of bonds that would have become available if such levy had been made as required by law.

The complaint further alleges in substance that all of the Barrett Law bonds outstanding are blanket lien bonds, each representing a lien and charge on all the property affected by the improvement, and none on any specific property. Many of the parcels of real estate constituting security for said bonds and coupons are of a value substantially less than the aggregate special assessment liens by which they are encumbered. Other parcels were worth more than bond encumbrance. The City accepted bonds in payment of liens upon more valuable tracts and left the remaining bonds to look to tracts worth less than their encumbrance and thereby, plaintiffs say, in excess of $680,000 in bonds have been wrongfully and preferentially redeemed without provision for corresponding payments to the holders of other bonds.

It is further alleged in the amended complaint that more than $3,245,000 has been diverted and misapplied in the ways stated and that the defendants should be required to account therefor and restore the same for use in payment of bonds and coupons held by plaintiffs and those whom they represent.

The prayer of the amended complaint is as follows:

"1. That this court adjudge and declare the defendant liable for and responsible for the payment unto the Barrett Law Bond fund, for disbursement to plaintiffs and those whom plaintiffs represent, and unto the special assessment deficiency and deficit fund, the amount diverted from said fund to the payment of expenses of administering said Barrett Law Assessments and the deficiency of penalty collections as herein alleged;

"2. That the said city be required to pay into the 'Improvement Sinking Fund' for said Barrett Law funds and special assessment delinquency and deficit fund, sufficient to restore all said funds in the status they would have been had the said defendant city made its one cent levy as required by law during the years 1931, to 1944, both inclusive, on each one hundred dollars of valuation of property in said city, and to declare the general fund of said city liable therefor, including amounts wrongfully credited to assessments by property owners' surrender of bonds.

"3. That said defendant is liable for restoration to said funds, after appropriate re-audit and re-accounting, all monies illegally and wrongfully paid to bondholders (in preference and priority to the plaintiffs and those whom plaintiffs represent) to the extent that plaintiffs should lawfully receive said funds in preference to the bond-holders who did receive the same, all as herein alleged; together with interest thereon from the date of such wrongful diversion; and

"4. For all other proper relief."

Only questions presented by the demurrer to the amended complaint are before us and the first and most urgently argued question is whether a proper class action has been stated.

Class actions are authorized by statute. One or more may sue or defend for the benefit of a whole class "when the question is one of common or general interest of many persons, or where the parties are numerous, and it is impossible to

bring them all before the court." § 2-220, Burns' 1933. Where a class action is properly brought all persons in the class represented are bound by the judgment. *Siegel* v. *Archer* (1937), 212 Ind. 599, 603, 604, 10 N. E. (2d) 626; *Hansberry* v. *Lee* (1940), 311 U. S. 32, 42, 85 L. Ed. 22; Gavit Indiana Pleading and Practice, Vol. 2, p. 1818, § 251, Note 6; 39 Am. Jur. 923, 132 A. L. R. 749. This means that a person may have his rights adjudicated in an action of which he may have no knowledge and to which he may never have given consent. His case may be decided without his participation in an action by a volunteer. It follows that class actions should be closely scrutinized and should be permitted only in clear cases. Unless the named plaintiffs and all members of the class have an actual common interest in the subject-matter of the action and the facts are such that the interests of the absent members of the class will be fairly and fully represented and protected there will be a failure of due process and the class action will not be proper. *Hansberry* v. *Lee, supra.* If there is any failure of community of interest or any conflict of interest, existing or potential, between the representative and any member of the class the action is improper. 132 A. L. R. 753, and cases there collected.

The Indiana cases, concerning the propriety of class actions, are difficult to harmonize. *Smith* v. *Sparks Milling Co.* (1941), 219 Ind. 576, 605, 39 N. E. (2d) 125. Appellants contend that "the only statutory requisite (to a class action) is that the interest or controversy be 'common' to all of them and that the rule of law applicable to any operates likewise upon the several rights of all," and to this proposition cite *Englehart's Estate* v. *Larimer* (1936), 211 Ind. 218, 223, 224, 5 N. E. (2d) 304; *Board of Comrs. of Vanderburgh*

*County* v. *Sanders* (1940), 218 Ind. 43, 47, 30 N. E. (2d) 713, 131 A. L. R. 1043; *Gaiser* v. *Buck* (1931), 203 Ind. 9, 13, 179 N. E. 1. Appellee, in its brief, takes the position that in a class action every member of the class, whether named in the caption of the complaint or a party only by representation, must have an interest in the relief to be accorded each other. Watson's Works Practice, Vol. 1, § 235, pp. 151 and 152. Appellants cite and rely upon *Smith* v. *Sparks Milling Co., supra; Certia* v. *University of Notre Dame* (1923), 82 Ind. App. 542, 141 N. E. 318, and *Vandalia Coal Co.* v. *Lawson* (1909), 43 Ind. App. 226, 87 N. E. 47. These cases hold that in order to prosecute a class action there must be a joint cause of action in all members of the class.

Other earlier cases hold that where there is "one common interest among all the plaintiffs centering in the point in issue in the cause," plaintiffs may be joined "even though they may be entitled to several judgments, in respect to the amounts to be recovered. All must have some common interest in respect to the subject-matter in the suit, and each must be interested that all have relief in respect to that subject-matter. This creates such a unity of interest as entitles parties so related to a particular subject-matter to unite as plaintiffs in action." *Home Insurance Co.* v. *Gilman, Executor* (1887), 112 Ind. 7, 9, 10; *Tate* v. *The Ohio and Mississippi Railroad Co.* (1858), 10 Ind. 174; *Martin, Trustee* v. *Davis* (1882), 82 Ind. 38.

*In Grover* v. *Marott* (1922), 192 Ind. 552, 558, 136 N. E. 81, the following language is used:

"The rule for the joinder of plaintiffs in this jurisdiction briefly stated, requires that all who unite as plaintiffs must have a common interest in the subject-matter of the action and each must be interested in the relief of the other, but equality

of interest, or that such interest may not be legally severable, is not essential. (Citing cases.)"

In Pomeroy's Code Remedies (5th ed.), § 289, p. 441, is the following language:

". . . The right which the suit is brought to assert must in some manner or degree belong to all who are represented by the actual plaintiff; and all the persons who are represented by the actual defendant must have some interest adverse to the demand for relief set up by the action. The parties thus represented by the plaintiff or defendant may not be in privity with each other, but there must be some bond of connection which unites them all with the questions at issue in the action. The test would be to suppose an action in which all the numerous persons were actually made plaintiffs or defendants, and if it could be maintained in that form, then one might sue or be sued on behalf of the others; but if such an actual joinder would be improper, then the suit by or against one as a representative would be improper, notwithstanding the permission contained in this section of the statute."

It is not necessary for us in this case to try to reconcile or choose between the foregoing authorities, because the complaint before us does not allege facts bringing the case within any of these tests. The class represented is too large. Questions of fact and of law are involved which are not common and general to everyone within the broad class described. The class described includes holders of bonds issued to pay for all improvements over a long period of time. These improvements are not only under different resolutions and assessment rolls but are of different types and affect different areas in different widely scattered parts of the city. Some are for streets, some are for sewers and some are for other purposes. Some members of the plaintiff class, therefore, are not interested

at all in the situation of other members. Misapplication of payments on one improvement is of no concern to holders of bonds on other improvements. Misapplication of payments on one improvement may not even be prejudicial to holders of other bonds on the same improvement not entitled under the "year by year" rule to the payment so misapplied. Several bases of complaint are alleged.

Stated tersely, one complaint is that the "year by year" rule, established in *Read* v. *Beczkiewicz, supra,* was not followed but that collections were commingled and misapplied to bonds not entitled thereto under the "year by year" rule. It is not shown that all members of the plaintiff class have been affected by such misconduct. All members of the class would not benefit from its correction. Every dollar so misapplied belonged not to the plaintiff class as a whole, but to those members of the class who happened to hold the bonds which should have received the money wrongfully paid to others. In determining just which of the members of the plaintiff class are entitled to any of the collections so misapplied, the named plaintiffs would have no interest unless it should so happen that such misapplied payments should have been made to them. There are no allegations in the complaint to negative the possibility that there might not even be a conflict of claims among the members of the class or between the named plaintiffs and the unnamed members of the plaintiff class.

Another complaint is that the city failed to collect penalties upon delinquent payments and that thereby $130,000 was lost to the delinquency and deficit fund and that expenses of administering the Barrett Law procedure were wrongfully paid out of the delinquency and deficit fund in the amount of $270,000. Only a

small number of the plaintiff class could be interested in this misconduct, because payments from the delinquency and deficit fund could be made under the statute only to holders of bonds in the order of maturities and serial numbers, the earliest maturities being first paid out of such fund, § 48-4407, Burns' 1933. It follows, therefore, that only a comparatively small number of the members of the plaintiff class could possibly have suffered by reason of the misapplication of the delinquency and deficit fund. Those who did suffer are in an entirely different class from those who did not and their interests cannot be considered as common under any rule laid down by the authorities above cited.

Another complaint is that the Improvement Sinking Fund (§ 48-2720, Burns' 1933), was not maintained. It is alleged that there was a loss by reason of this in the sum of $1,250,000. If this were restored it would not inure to the benefit of the plaintiff class as a whole. It would not make up for losses sustained by reason of defaults in Barrett Law payments. It would only make up for deficits caused by prepayments of assessments or because insufficient assessments were made by the city. The fund would then be used to reimburse the various improvement funds where deficits, due to the reasons stated, exist. There is no allegation in the complaint which indicates that all funds established by every improvement have been depleted by improper payments. There is no reason to believe from the allegation of the complaint that each and every member of the plaintiff class was harmed by the deficits created in the manner contemplated in the improvement sinking fund section of the statute. Here again all members of the class would not be interested in the satisfaction of the claims of all other members of the class. Each would be interested only in his own fund and in

the money from the improvement sinking fund which could be transferred to the particular fund from which his bonds would be paid. And here again there might be conflict of interest among the members of the plaintiff class and between some of the members of the class and the named plaintiffs.

It is also alleged that bonds were accepted in payment of assessments. This, in substance, is the equivalent of misapplication of collections and what has been said above, with reference to misapplied collections and disregard of the "year by year" rule, applies with equal force to this phase of the case.

It appears, therefore, that the liability of the city is not the same to each member of the class which plaintiffs pretend to represent. This is substantially admitted in the complaint where it is said, " . . . that only after a complete accounting of all of the assessment rolls can it be ascertained and determined what part has been diverted from the one issue to another, by reason of said confusion of payments, and to what extent the defendant city is liable for such diversion to each respective bondholder." This allegation is tantamount to an admission that the interests of all members of the class are not only not common but may in fact be adverse and conflicting.

Appellant has referred to the case of *Read* v. *Beczkiewicz, Treasurer, supra,* and it is clear that proceedings in the case before us were inspired in large measure by that case. In that case, however, the question of the propriety of a class suit was not presented and therefore was not decided. That case differs from the case before us in that in the *Read* v. *Beczkiewicz* case a cross-complaint was filed by the City Treasurer and in the cross-complaint the single class of original plaintiffs is divided

into six different classes, each represented by a named party, so that if the class suit question had been raised an entirely different situation from that involved in the case before us would have been presented. Also in that case the City Treasurer had given notice of intent to distribute Barrett Law money in his hands in a certain way and the plaintiffs sought an injunction to stop such distribution. It was for protection in the distribution of these funds that the Treasurer filed his cross-complaint asking the court to determine controversies existing between the multitude of bondholders. In the case before us no distribution of funds was threatened and while the City Treasurer was originally made a party the case was later dismissed as to him. In other respects the cases may be distinguished.

Appellants have contended that they are seeking a declaratory judgment and that the propriety of a class action is different where a declaratory judgment is sought than it would be where a coercive judgment is sought. We know of no rule or authority to this effect. The same tests would govern the propriety of a class action for a declaratory judgment that would govern a class action where the relief sought was coercive. In addition, the complaint in this case shows affirmatively that all bonds involved in this action are past due. Therefore, any right of any or all of the named plaintiffs or any or all of those members of the class represented, has matured and under the authority of *Owen* v. *Fletcher Savings & Trust Bldg. Co.* (1934), 99 Ind. App. 365, 189 N. E. 173; *Thompson* v. *Travis* (1942), 221 Ind. 117, 46 N. E. (2d) 598; *Burke* v. *Gardner* (1942), 221 Ind. 262, 47 N. E. (2d) 148; *Brindley* v. *Meara* (1935), 209 Ind. 144, 198 N. E. 301, they have no right to declaratory relief.

Appellants also contend that they are entitled to

an accounting. A mere creditor as such has no right to compel his debtor to account in equity in the absence of any trust relationship between them. 1 Am. Jur. 300. The relation between the bondholders and the City is contractual and the City's liability, if any, is that of a debtor only and there is no trust relationship. *Read* v. *Beczkiewicz, supra.* It is also true that public records provide the means whereby appellants may ascertain the factual situation upon which an accounting would be based, and upon which the rights of each member of the plaintiff class may be determined. As said in *Read* v. *Rosenblum & Sons* (1944), 115 Ind. App. 200, 209, 58 N. E. (2d) 356, "Moreover, in the instant case public records and the statutes provided the means of ascertainment. Within the contemplation of the law all parties, therefore, had equal knowledge." And having equal knowledge or means of knowledge neither party is entitled to require an accounting from the other. 1 C. J. S. 649, Note. 50.

It is true, of course, that where a class action is improperly attempted the complaint may be good as against a demurrer if it states a good cause of action in favor of the named plaintiff or plaintiffs. If there are more than one named plaintiff the complaint would have to show the same grounds for joining them that are necessary to join the unnamed members of a class. For the same reasons that the complaint does not show a good class action it does not show cause for joining the named plaintiffs.

The judgment is affirmed.

NOTE.—Reported in 66 N. E. (2d) 888.