WOLF ET AL. *v.* BENNETT ET AL.

[No. 17,783.   Filed November 19, 1948.]

*W. C. Bachelder*, of *Bachelder, Bachelder, & Fife*, of Indianapolis; *Warren, Merrell, & Combs*, of Evansville, attorneys for appellants.

*W. C. Welborn* and *Milford M. Miller*, both of Evansville, attorneys for Bennett. *McCray, Davidson, & Sandusky*, of Indianapolis; *Bingham, Cook, & Spillman*, of Indianapolis, attorneys for Mitchell and Bilsky.

CRUMPACKER, J.—The appellants are duly certified public accountants and, as a partnership doing business under the firm name of Wolf and Company, have practiced their profession in Indiana for many years. As plaintiffs below their complaint alleges that they were employed by the appellees, Leo Bennett, Gene Bennett, Sabin L. Mitchell, Leola Swann, William B. Bilsky and forty or more other unnamed persons to make an audit of the books of Bennett Brothers, a co-partnership composed of the appellees Leo and Gene Bennett of Evansville, Indiana. That pursuant to such employment they made the contemplated audit and are entitled to recover the sum of $5,010.45, which is the unpaid balance due on account of such services. That there has been long and unreasonable delay in the payment thereof and they ask for interest thereon from

March 17, 1945. It is further alleged that the appellees and said unnamed defendants hold undivided interests in certain specifically described oil leases in Indiana, Illinois, and Kentucky, which are operated by the Bennett Brothers' partnership above mentioned, which partnership keeps the books and records of the operation, collects the royalties for oil sold and distributes the same to the various interest holders. By reason of this situation the complaint characterizes the appellees and the unnamed defendants as a class and alleges that the members thereof "are scattered, residing mainly in the state of Indiana and Ohio, and it would be expensive, difficult and perhaps impossible to bring them all into court as named defendants, and to attempt to recover from each individual of the class his proportionate share would involve great expense both to the plaintiffs and defendants and would create a multiplicity of suits, and for these reasons, plaintiffs bring this as a class suit against the funds of the class. Said funds, and the books and records showing the same, have their situs and domicile in the city of Evansville, Indiana."

On this theory the appellees, all residents of the State of Indiana, were brought into court to defend themselves as members of such class and to defend, in a representative capacity, all other members thereof. Each of the appellees filed an answer in effect denying the employment and the existence of the class of defendants such as the complaint describes. The issues thus joined were tried to the court which entered the following finding and judgment: "And now the court finds that under the allegations and theory of the complaint herein, this action is solely a class action, and that plaintiffs proceed solely against defendants as a class, and not as individuals; and the court further

finds that the plaintiffs should not recover from the defendants as a class on the complaint and supplemental complaint filed in this cause, and that a judgment should be entered against the plaintiffs and for the defendants as a class, and not as individuals. IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED BY THE COURT, that the plaintiffs take nothing by their action herein, and that the costs of this action be assessed against the plaintiffs."

This judgment is attacked upon several grounds but upon final analysis they amount to the single charge that under the issues and the evidence the court, as a matter of law, was duty bound to enter personal judgment in their favor against the appellees, Mitchell and Bilsky, which it refused to do and therefore said judgment is contrary to law. We have carefully examined the evidence, as narrated in the respective briefs of counsel, and in that connection we make this observation. Had this suit been against Mitchell and Bilsky as individuals and without mention of a class and the members thereof the undisputed evidence would have required a judgment in the appellants' favor against both defendants for the value of the services described in the complaint. This condition of the record presents the question which is the crux of this appeal. When a person is sued as a member of a class and as the representative of other members of the class against whom no service is had and the evidence warrants personal judgment against such representative individually, but not as a class member or class representative, can and should such personal judgment be rendered?

The doctrine of class representation as applied to defendants merely means that where the persons who

have a common interest or a common right in connection with the subject matter of the litigation and who properly should be made parties defendant to an action are too numerous to be brought into court conveniently, principles of equity, embodied in statutory enactment in this state, (§ 2-220, Burns' 1946 Replacement) allows the suit to be brought against one or a few individuals who are in fact the representatives of the entire class. The Supreme Court, speaking through Young, J., ably and exhaustively discusses the question of class suits in the case of *Kimes* v. *City of Gary* (1946), 224 Ind. 294, 66 N. E. 2d 888. We quote from the decision as follows:

> "Unless the named plaintiffs and all members of the class have an actual common interest in the subject-matter of the action and the facts are such that the interests of the absent members of the class will be fairly and fully represented and protected there will be a failure of due process and the class action will not be proper. *Hansberry* v. *Lee, supra*. If there is any failure of community of interest or any conflict of interest, existing or potential, between the representative and any member of the class the action is improper."

Although the court was dealing with a case in which the plaintiffs, by representatives, were suing as a class, the principles announced have equal application to suits against defendants as a class. § 2-220, *supra;* 39 Am. Jur., Parties, § 45. An examination of the evidence in the present case discloses an absolute failure of proof on the vital element of a class suit, *viz*, community of interest. On the contrary it clearly indicates a potential conflict of interests between various members of the class sued. The audit, for which the class defendants refused to pay, involved an examina-

tion of operations under ten separate and distinct oil leases, in none of which were all members of the class interested. During its process, invoices, cancelled checks and payroll accounts were examined and necessary expenses were segregated and allocated to the individual leases. The potential for a conflict of interests is at once apparent. Assume, for example, a Bennett Brothers' check in a given amount is charged against the operation of the F. L. Bailey lease. The owners thereof insist that it should be charged to the William B. Bantz lease in which they have no interest whatever. Furthermore, the rights of those members of the alleged class who hold leases in Kentucky are governed by the laws of that state while the interests of other members are determined solely by the laws of Illinois. The evidence in this case shows nothing more than the separate and distinct ownership of ten oil leases operated by a common broker under individual contracts with the owners of each lease and the failure of such broker to keep the accounts of each operation properly segregated. This is far from the community of interest contemplated by the principles of equity and the provisions of our statute authorizing class suits. Therefore, in our opinion the trial court was clearly right in refusing to enter judgment against the appellees as the representatives of a class.

The appellants insist, however, that notwithstanding the impropriety of a class suit the court had a duty to render personal judgment against the appellees Mitchell and Bilsky who were served with summons, appeared and defended, and who, the undisputed evidence discloses, hired them to do the work performed. They base this contention on § 2-2507, Burns' 1946 Replacement which reads as follows:

"Though all defendants have been summoned, judgment may be rendered against any of them severally, when the plaintiff would be entitled to judgment against such defendants if the action had been against them severally."

This section is a part of Chapter 25 of our Code of Civil Procedure which deals with the general rules of rendering judgments and merely defines the circumstances under which a several judgment can be entered against some of the defendants when all of them have been served with process. In our opinion it has nothing to do with an action in which a class of unnamed and unserved defendants are sued through alleged representatives over whom the court acquires jurisdiction. It is clear to us that the appellants brought this suit on the theory that the defendants were jointly indebted to them on contract. There were too many defendants and their residences were too diversified to make it practical or possible to name them all and bring them into court by due process so they chose to sue the defendants as a class in the manner provided by statute. Notwithstanding the representative nature of this action it is, nevertheless, a suit to enforce the joint obligation of the defendants arising out of contract. This being so, the action is governed by § 2-809, Burns' 1946 Replacement which provides as follows:

"Where the action is against two (2) or more defendants, and the summons is served on one (1) or more, but not all of them, the plaintiff may . proceed as follows:

"First. If the action be against defendants jointly indebted on contract, he may proceed against the defendant served; and if he recovers judgment, it may be enforced against the joint property of all and the separate property of the defendant served.

"Second. If the action be against defendants severally liable, he may proceed against the defendants served in the same manner as if they were the only defendants, and may afterward proceed against those not served.

"Third. If all the defendants have been served, judgment may be taken against any or either of them severally, when the plaintiff would be entitled to judgment against such defendant or defendants if the action had been against them, or any one of them, alone."

If the court had found that the defendants were jointly indebted to the appellants by reason of the contract of employment in suit, the ensuing judgment could have been enforced against the joint funds or other property of the class and the separate property of the appellees who were in court through due process. On the contrary the court found that there was no joint or class obligation on the part of the defendants to pay the appellees anything, and a review of the record fails to disclose any evidence that would justify any other conclusion. Under such circumstances the statute makes no provision for a personal judgment against the appellees.

Had this suit been instituted under the second clause of the statute we would be confronted with a somewhat different problem. The appellants' complaint, however, makes no contention that each of the defendants, named and unnamed, are severally liable for the whole amount in suit, but, quite the contrary, asks for a receiver because a determination of "the proportionate amount each member (of the class) has paid and should pay, will require a fairly complicated accounting." The third clause of the statute is applicable only when all of the defendants have been served which, of course,

removes it from consideration in connection with this litigation.

Judgment affirmed.

NOTE.—Reported in 82 N. E. 2d 262.