LUCY BOEHNE *v.* CAMELOT VILLAGE APARTMENTS.

[No. 472A173. Filed November 9, 1972. Rehearing denied December 12, 1972. Transfer denied May 14, 1973.]

*Ronald Warrum,* of Evansville, for appellant.
*John Coates Cox,* of Evansville, for appellee.

LOWDERMILK, J.—This action was brought by plaintiff-appellant on behalf of herself and all other former lessees of the defendant-appellee similarly situated. Plaintiff-appellant will be hereinafter referred to as "Tenant." Defendant-appellee operated as Camelot Village Apartments, which was

an assumed business name used by Camelot Village, Inc., and shall be hereinafter referred to as the "Landlord."

The Tenant brought a class action to recover security deposits which it is alleged were wrongfully retained by the Landlord and to recover punitive damages for wrongful acts of the Landlord and for fraud and deliberate and willful breach of the lease agreements.

Tenants, when entering into a written contract with the Landlord, paid the Landlord a basic security deposit of $100.00 and some deposits were $25.00 additional as a security deposit for each pet. Under the terms of the agreement the security deposit was to be returned to each of the tenants at the satisfactory termination of the lease. Tenant alleges that upon satisfactory termination of the lease, the security deposits were not so returned because of Landlord's fraud, or the willful or negligent breach of the lease agreement by the Landlord.

The complaint was first filed in one legal Paragraph to which the Landlord filed a Rule 12 motion which was sustained.

This was followed by an amended complaint to which Landlord filed a Rule 12 motion in three Paragraphs.

In due time and after oral argument plaintiff was granted ten days in which to file an amended complaint and a second amended complaint was filed in three Paragraphs.

Said second amended complaint alleges in legal Paragraph I:

1. That plaintiff and the class on behalf of whom she acts had entered into a written lease agreement with the Landlord for private single family residences and dwellings within the defendant's apartment complex, which agreements all contain the following language:

"SECURITY DEPOSIT. The sum of $____ is hereby paid by the Lessee as security and not as a rental payment, final or otherwise for the full and faithful performance of all the terms and conditions of this Lease and which sum shall be returned to the Lessee at the satisfactory termination of this Lease."

2.  Appellant-Tenant Boehne paid $100.00 as basic security deposit and $25.00 additional deposit for a pet which she maintained in her unit; the class on behalf of whom she acts paid $100.00 as a basic security deposit and $25.00 as an additional security deposit for each pet maintained in the leased premises of the Landlord.

3.  The Landlord willfully refused to return Tenant Boehne's security deposit in September of 1971 upon the satisfactory termination of the lease and has refused to return security deposits of the class on behalf of whom the named plaintiff acts upon the satisfactory termination of each of said leases.

4.  Tenant Boehne brings the action as a class action because:

(a)  The great number of others on behalf of whom she acts, who were wrongfully refused their security deposits by the defendant upon the satisfactory termination of the lease constitute a class so numerous that the joinder of all its members is impracticable.

(b)  There are questions of law and fact common to the class.

(c)  The claims or defenses of Lucy Boehne are typical of the claims or defenses of the class.

(d)  Lucy Boehne will fairly and adequately protect the interests of the class.

(e)  The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for the party opposing the class.

(f)  The defendant who opposes the class has refused to act on grounds generally applicable to the class.

(g)  The questions of law or fact common to the members of the class predominate over any questions affecting individ-

ual members, and a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

5. The defendant defrauded Tenant Boehne and the class on behalf of whom she acts in that at the time the defendant Landlord accepted such security deposit of the class under the aforesaid conditions of the written agreement, the defendant had a policy and practice of wrongfully retaining said security deposits without cause upon the satisfactory termination of the lease.

Legal Paragraphs II and III incorporated by reference and made a part of each Paragraph rhetorical paragraphs 1, 2, 3, and 4 of pleading Paragraph I.

Legal Paragraph II further alleged defendant Landlord willfully breached the aforementioned provisions of the contract of Tenant Boehne and the class on behalf of whom she sues.

Legal Paragraph III alleged defendant Landlord negligently breached the provisions in the contracts of Tenant Boehne and the class on behalf of whom she sues.

The first legal Paragraph asks that an amount equal to the security deposits wrongfully retained by the defendant be awarded plaintiff-Tenant, plus $50,000 as punitive damages for the fraud perpetrated upon plaintiff-Tenant and the class for which she acts, plus attorney's fees and costs.

The prayer of the second legal Paragraph prays for the same amounts for willful breach of the contract by the defendant and the prayer to legal Paragraph III is for relief in an amount equal to the security deposits wrongfully retained by the defendant, plus costs of the action.

The trial court, in his ruling, sustained specifications 1, 2, and 3 of defendant's Rule 12 motions and overruled specifications 4, 5, and 6 thereof.

Tenant Boehne refused to plead further and the court entered judgment dismissing Paragraphs I, II, and III of the

second amended complaint, and that Boehne take nothing thereunder.

The motion to correct errors does not mention legal Paragraphs IV, V, and VI and they are, therefore, waived and we shall not discuss them herein.

The motion to correct errors sets forth that the trial court erred as follows:

Uncorrected error of law occurring, and properly raised in the proceedings, prior to the trial of this cause, in this:

(1) That the court erred in sustaining the motion to dismiss and in the dismissing of Paragraphs I, II, and III of plaintiff's complaint.

The claimed errors were all substantially the same and in the interest of brevity are grouped and treated as one in this opinion.

Tenant complains that at no time during the proceedings did the trial court determine whether the class action was to be so maintained as is contemplated by Rule TR. 23 (C) (1), which Rule is as follows, to-wit:

"(C) Determination by order whether class action to be maintained—Notice—Judgment—Actions conducted partially as class actions:

"(1) As soon as practicable after the commencement of an action brought as a class action, the court, upon hearing or waiver of hearing, shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits."

Counsel set forth in their briefs that, as to the matter of class actions we are now at sea without instruments to guide us in the field of class actions in Indiana.

It is true that the adoption of our new Supreme Court Rules which became effective January 1, 1970, has created a chasm between our Supreme Court's interpretation of class actions under Ind. Ann. Stat. § 2-220 (Burns 1967 Replacement), and the present Rule TR. 23, entitled "Class Actions."

Under the old Rule, the Landlord cited and relied on the case of *Kimes* v. *Gary* (1946), 224 Ind. 294, 66 N.E.2d 888. In *Kimes* the court held that one or more persons may sue or defend for the benefit of a whole class " 'when the question is one of common or general interest of many persons, or where the parties are numerous, and it is impossible to bring them all before the court.' § 2-220, Burns 1933." The court further held that where a class action is properly brought all the persons represented in the class are bound by the judgment. The court, discussing this further, said:

". . . It follows that class actions should be closely scrutinized and should be permitted only in clear cases. Unless the named plaintiffs and all members of the class have an actual common interest in the subject-matter of the action and the facts are such that the interests of the absent members of the class will be fairly and fully represented and protected there will be a failure of due process and the class action will not be proper. . . ."

The court further said that our Indiana cases hold that in order to prosecute a class action there must be *a joint cause of action of all members of the class*. (Our emphasis.)

Landlord also cites the case of *Wolf* v. *Bennett* (1948), 118 Ind. App. 567, 82 N.E.2d 262. There, the court said:

". . . The evidence in this case shows nothing more than the separate and distinct ownership of ten oil leases operated by a common broker under individual contracts with the owners of each lease and the failure of such broker to keep the accounts of each operation properly segregated. This is far from the community of interest contemplated by the principles of equity and the provisions of our statute authorizing class suits. . . ."

This court further held that the rights of those members of the alleged class who hold leases in Kentucky are governed by the laws of that state while the interests of other members are determined solely by the laws of Illinois.

In our opinion, the *Wolf* case, *supra*, cannot be construed in any way to apply to the case at bar, either under Burns

§ 2-220, *supra,* or under our new Supreme Court Rules which we will discuss in this opinion.

> Burns § 2-220 was definitely repealed by Rule TR. 23 of the new Rules under Class Actions.

While it was said that we are at sea with no instruments to guide us, we have at hand an instrument equally as strong as our new Rules of Procedure and that is the Federal Rules of Procedure which have been operative for a number of years and from which our new Rules have been, in a great part, adopted. We find great precedent in the Federal Rules of Procedure for the construction of our Rules and we shall not hesitate to rely thereon.

The Landlord urges that because of each fact situation for each alleged breach of lease a separate trial and hearing would be required; each breach of lease would be dependent upon a separate set of facts and, therefore, a cause of action for breach of lease does not lend itself to a class action.

Tenant, in her brief, states that the most important class action of the last decade was *Vasquez* v. *Superior Court of San Joaquin County* (1971), 94 Cal. Rptr. 796, 484 P. 2d 964. This case was determined under the Federal Rules of Procedure and we, therefore, deem it proper precedent for us to consider it.

In *Vasquez* a group of consumers bought frozen food and freezers from Bay Area Meat Company. Each of the thirty-seven named plaintiffs on behalf of themselves, as well as others, executed two retail installment sales contracts to finance the purchases, one in payment of the food, and the other in payment for the freezer, and a binder contract. These contracts were assigned to three finance companies, each of which was also made a party defendant.

The Supreme Court of California stated the question befor them was whether a group of consumers who had bought merchandise under installment contracts seeking a rescission

of the contracts may maintain a class action on behalf of themselves and others similarly situated against both the seller of a product and the finance company to which the installment contracts were assigned. They concluded that the action would lie against the seller under the principles set forth in *Daar* v. *Yellow Cab Co.* (1967), 67 Cal. 2d 695, 63 Cal. Rptr. 724, 433 P. 2d 732.

In *Vasquez*, in the trial court, defendants demurred to the complaint on the ground it did not state a cause of action and demurrers were sustained without leave to amend insofar as the complaint alleged a class action for fraud but were overruled on the fraud count as to the named plaintiffs. The trial court made it clear that it was not concerned with the sufficiency of the particular allegations to assert a class action but, rather, that *in its view a class action for fraud may not be maintained by consumers.*

The question was raised whether the cause could be disposed of piecemeal.

This case was a case where all the causes of action set forth in the complaint had a single object, and an appeal will not be permitted from a judgment disposing of only one count of the complaint. However, the court concluded in *Vasquez* that since plaintiffs could not appeal from an order which bars a substantial portion of their cause from being heard on the merits, their petition for a writ of mandate deserves consideration.

The court, after discussing at length the plight of consumers as compared to the position of stockholders, said that:

"Frequently numerous consumers are exposed to the same dubious practice by the same seller so that proof of the prevalence of the practice as to one consumer would provide proof for all. Individual actions by each of the defrauded consumers is often impracticable because the amount of individual recovery would be insufficient to justify bringing a separate action; thus an unscrupulous seller retains the benefits of its wrongful conduct. . . ."

The California court then referred to the case of *Daar* v. *Yellow Cab Co., supra,* in which the court held that an individual plaintiff may under this section bring a class action on his own behalf and on behalf of other taxicab riders similarly situated to recover overcharges allegedly made by defendant company.

> ". . . *Daar* did not, like the present case, involve purported fraudulent misrepresentations, but the principles set forth there guide us in determining whether the class action mechanism is an appropriate vehicle to resolve a claim based upon such misrepresentations." *Vasquez, supra.*

In *Daar,* there were several thousand taxicab riders involved over a four year period. It was therein alleged that proof of a common or single state of facts and law would establish the right of each member of the class to recover, that the percentage of rate overcharge to each class member was identical, and that the amount of the overcharge could be calculated from the defendant's books. In *Daar,* the trial court's judgment based on sustaining a demurrer to the complaint was reversed and the court concluded that two requirements must be met to sustain a class action.

> ". . . The first is existence of an ascertainable class, and the second is a well-defined community of interest in the questions of law and fact involved."

The court further said:

> "The requirement of a community of interest does not depend upon an identical recovery, and the fact that each member of the class must prove his separate claim to a portion of any recovery by the class is only one factor to be considered in determining whether a class action is proper. The mere fact that separate transactions are involved does not of itself preclude a finding of the requisite community of interest so long as every member of the alleged class would not be required to litigate numerous and substantial questions to determine his individual right to recover subsequent to the rendering of any class judgment which determine in plaintiffs' favor whatever questions were common to the class."

The court then said that in applying these principles to the facts alleged in *Daar* that it concluded that the issues which were common among the class members would be the principal issues in any individual action, both in terms of time to be expended in their proof and of their importance, and that if a class suit were not permitted, a multiplicity of legal actions dealing with identical issues would be required in order to permit recovery by each of several thousand taxicab riders.

The court further discussed the great burden on the judicial process of so many lawsuits should all the cab riders seek recovery and further discussed the fact that the amount lost by each was relatively small and it would not be economically feasible for them to bring action to recover except in a class action and that absent a class suit, a wrong-doing defendant would retain the benefit of its wrongs.

The court, in *Vasquez,* in referring to the sufficiency of the allegations to state a class action said that the complaint alleges that the same representations regarding the food and the freezers were made to each plaintiff, that Bay Area *knew the representations were false, that they were made with intent to defraud,* and that plaintiffs signed the agreements in reliance thereon. The complaint further alleged a united interest in that, inter alia, they had all signed contracts to purchase food and a freezer in reliance upon the misrepresentations, which, in turn, were based upon recitations by salesmen of a standard sales monologue contained in a training book and sales manual.

The court said, as to community of interest, that:

". . . the mere fact that the transaction between Bay Area and each plaintiff was separately consummated is not determinative so long as each class member will not be required to litigate numerous and substantial issues to establish his individual right to recover."

* * *

"c. *Damages*

"The final element of plaintiffs' cause of action is damages. *Daar* makes it clear that although ultimately each

class member will be required in some manner to establish his individual damages this circumstance does not preclude the maintenance of the suit as a class action."

In *Vasquez* the court held that the complaint alleged an ascertainable class and plaintiffs may be able to demonstrate a community of interest as to their claim of fraud aside from the amount of damages suffered by each class member.

". . . They should, in any event, be afforded the opportunity to demonstrate that proof of most of the important issues as to the named plaintiffs will supply the proof as to all. We conclude, therefore, that the trial court erred in sustaining the demurrers to the first cause of action on the ground that it did not allege a class action."

The court said, further, that it may be that the trial court will determine in subsequent proceedings:

". . . that some of the matters bearing on the right to recovery require separate proof by each class member. If this should occur, the applicable rule as stated in *Daar* is that the maintenance of the suit as a class action is not precluded so long as the issues which may be jointly tried, when compared to those requiring separate adjudication, justify the maintenance of the suit as a class action. If the questions which must be litigated separately are not numerous or substantial, it would be advantageous to the parties and the judicial system to allow the named plaintiffs to sue on behalf of the class. Procedural devices to assist the trial court in making an appropriate determination of these matters will be discussed *infra.*"

The court then provided that in event of a hiatus, Rule 23 of the Federal Rules of Civil Procedure prescribes procedural devices which a trial court may find useful. The court went ahead to discuss the desirability for the trial court to retain some measure of flexibility in the pretrial and trial of a class action.

This Rule, cited in *Vasquez,* is very similar to our Rule TR. 23 Class Actions (C) Determination by order whether

class action to be maintained—Notice—Judgment—Actions conducted partially as class actions and (D) Orders in conduct of actions. This Rule, in our opinion, gives our trial courts the authority and right to conduct a pretrial hearing and to hear evidence to determine what the court needs to know as to a class action and to many other questions the courts must necessarily from time to time pass upon.

See, also, Harvey's Indiana Practice, Rules of Procedure Annotated Vol. 2, Rule 23, p. 326 and at p. 328, Legislative Change in Civil Code Study Commission Recommendation on Rule 23 and Author's Comments with analysis, p. 335, *et seq.*

In the case of *Dolgow* v. *Anderson* (1968), 43 FRD 472, four stockholders brought a class action for damages, punitive damages and rescission against a corporation and its principal officers and directors for allegedly manipulating stock prices by misleading investors. Cross motions were filed for the purpose of determining whether litigation should be maintained as a class action. At this stage of the proceedings the District Court ordered an evidentiary hearing at which suing stockholders would be required to show that there was a substantial possibility that they would prevail on the merits.

The United States District Court, E.D. New York, in passing on the action of the trial court in discussing class actions generally and more especially Rule 23 thereof, the same being prerequisites to a class action, which are:

"(a) One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

"(b) * * *"

The court, in speaking further of class actions, said:

"Defendants misconceive the court's role in actions of this sort. The Rule 23 class action 'as a way of redressing group wrongs is a semi-public remedy administered by the lawyer in private practice'—a cross between administrative action and private litigation. Kalven and Rosenfeld, The Contemporary Function of the Class Suit, 8 U. Chi. L. Rev. 684, 717 (1941). *Once the court is convinced that there is substantial merit to plaintiff's claims and that the class action device is the practicable method of vindicating these claims, it will not let procedural difficulties stand in its way. . . .*" (Our emphasis.)

In speaking of advantages to class actions, in *Dolgow,* the court said:

"The class action is particularly appropriate where those who have allegedly been injured 'are in a poor position to seek legal redress, either because they do not know enough or because such redress is disproportionately expensive. . . . Its "historic mission" has been to [take] care of the smaller guy.' . . . 'The usefulness of the representative action as a device for the aggregation of small claims is "persuasive of the necessity of a liberal constitution of * * * Rule 23." ' "

The court further said that a case such as the present one should not be allowed to proceed as a class action unless the plaintiffs could show there is a substantial possibility they will prevail on the merits. The court further said something more than certification of good grounds by an attorney is required and that in *Dolgow* an evidentiary hearing at which plaintiffs shall be required to show such a preliminary showing should be held before the class action motion is decided.

See, also, *Siegel* v. *Chicken Delight, Inc.* (1967), 271 F. Supp. 722, (U.S. District Court, N.D. Cal.)

The rest and remainder of the *Dolgow* opinion is very informative and a well discussed dissertation on the rights of a class and the economies of time, effort and expense and the uniformity of decisions as to persons similarly situated

and in many ways corroborates what has been said in the *Vasquez* case and in the Rules which have been discussed herein. However, in the interest of brevity we shall not set out any further portions of *Dolgow*.

In the case at bar Tenant-appellant alleged in her second amended complaint the prerequisite allegations for a class action. The second amended complaint further alleged a united interest in that all tenants had signed the same form of contract from which the only variance could be whether the security deposit was $100.00 without pets or $100.00 plus $25.00 for each additional pet, in reliance upon the representation of the Landlord to return the deposit upon the satisfactory termination of the lease.

In our opinion there was a community of interest and the mere fact that the transaction between the Landlord and each tenant was separately consummated is not determinative so long as each member of the class will not be required to litigate numerous and substantial issues to establish his individual right to recover. It is our further opinion, in the case at bar, that there is definitely an ascertainable class.

While it is true the measure of damages to be established, if there may be damages established, by each class member will require each class member in some manner to establish his individual damages such circumstances do not preclude the maintenance of the suit as a class action. *Daar* v. *Yellow Cab, supra.*

It is our further opinion that the complaint alleged an ascertainable class and the Tenant-appellant may be able to demonstrate a community of interest as to the claim of fraud and/or willful breach or negligent breach of contract aside from the amount of damages suffered by each class member. Tenant-appellant, in our opinion, should be afforded the opportunity to demonstrate that Tenant-appellant will supply the proof as to all.

We, therefore, conclude that the trial court erred in sustaining the motion to dismiss legal Paragraphs I, II, and III of plaintiff's second amended complaint on the ground that said second amended complaint did not constitute a class action.

We are of the further opinion that the trial court had flexibility under the procedures prescribed in Rule 23, which it failed to use prior to its dismissing of the first three Paragraphs of the second amended complaint. The trial court should have first conducted a hearing to determine if the Tenant-plaintiff could show a substantial possibility that she could prevail on the merits of her complaint. In cases of this kind it is the burden and duty of the trial court to conduct a hearing at which the plaintiffs shall be required to show preliminarily proof to establish that a class action may successfully be maintained before the class action motion is decided. Rule TR. 23 (C) (1) ; *Dolgow* v. *Anderson, supra.*

For the above and foregoing reasons we hereby remand this cause to the trial court with instructions to make its record *nunc pro tunc* as of February 7, 1972, overruling Landlord's motion under Rule 12 dismissing legal Paragraphs I, II, and III of Tenant-appellant's second amended complaint and re-entering the cause on the trial docket and to hear evidence under the allegations of said complaint to determine whether or not the case at bar is a class action and for all other necessary actions in compliance with this opinion.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 288 N.E.2d 771.