LOWER VEIN COAL COMPANY *v.* MOORE.

[No. 11,401. Filed February 1, 1923. Rehearing denied June 5, 1923.]

1. MASTER AND SERVANT.—*Relation.—Creation and Existence.— Evidence.*—Evidence that one using his own wagon and team in hauling coal from a coal company's mine and delivering the coal to its customers, *held* sufficient to establish the relation of master and servant. p. 55.

2. MASTER AND SERVANT.—*Injuries to Servant.—Negligence.— Evidence.—Sufficiency.*—Evidence that an employe, who was loading coal into a wagon from a shute at a coal mine, was struck by a lump of coal which rolled down from the top of the tipple *held* not to sustain charges of negligence for failure to construct a sufficient shute, in dumping excessive quantities of coal into the shute, and failure to keep such shute in repair. p. 55.

3. TRIAL.—*Pleadings.—Negligence.—Erroneous Instructions.*— If one of the several charges of negligence alleged in the complaint is not well pleaded, an instruction authorizing a verdict, if the plaintiff's injury was caused by any of the acts of negligence alleged is erroneous. p. 57.

4. MASTER AND SERVANT.—*Injuries to Servant.—Complaint.— Negligence.—Evidence.—Sufficiency.*—In an action for injuries to an employe by being hit by a lump of coal while loading a wagon with coal from a tipple, where the complaint charged negligence in constructing a shute with sides only two feet high and there were no averments as to the intended use of the shute, evidence, that the coal company dumped more coal into the shute than the sides would reasonably retain, did not sustain the charge of alleged negligence. p. 57.

From Vigo Superior Court; *William T. Gleason,* Judge.

Action by William E. Moore, administrator of the estate of Jesse Moore, deceased, against the Lower Vein Coal Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Beasley, Douthitt, Crawford & Beasley,* for appellant.
*Duvall & Whitaker* and *George W. Wells,* for appellee.

Enloe, J.—This was an action by the appellee to recover damages on account of the death of his decedent, alleged to have been caused by the negligence of appellant. The complaint was in two paragraphs, to each of which the appellant answered in general denial. The cause was tried by a jury and resulted in a verdict in favor of appellee. The error assigned is the overruling of appellant's motion for a new trial. Under this assignment various alleged errors are presented, those of controlling influence being ones hereinafter considered.

The record in this case discloses that the deceased, one Jesse Moore, was, at the time he was injured, engaged in hauling coal from the mine of appellant and delivering such coal to its customers, using his own wagon and team; that the orders for the delivery of the coal would be sent to the office of appellant, at its mine, and that deceased got his orders or directions for the delivery thereof from the appellant's said office; that coal for supplying local trade was, after brought to the top of the mine, dumped from the mine cars into or onto a "pan," from which it passed down into the shute, from which wagons were loaded; that the incline through which the coal passed, after being dumped into the "weigh pan" on its passage to the shute, was covered; that there was no covering to the shute; that the deceased on the day he was injured, and at the time he was injured, had driven his wagon under the shute, stopping his team so that the front end of the wagon body could be first loaded, and had, by means of a rope pro-

vided for that purpose, so manipulated said shute, that the coal therefrom had passed into his wagon box in sufficient quantity to load the front end thereof; that he then moved his team and wagon forward for the purpose of loading the rear end of his wagon, and had again pulled the rope so that coal might pass into his wagon, he, at the time, standing near the right rear wheel of his wagon, and that while so standing he was struck on the head by a large lump of coal, causing injuries from which he afterwards died.    The negligence charged in the complaint was:    (a) failure to build and construct a safe shute; (b) failure to inspect and examine said shute and to maintain the same in a safe condition; (c) dumping excessive quantities of coal into said shute.

Appellant first insists that the relation of master and servant was not shown by the evidence.    Without taking up and reciting the evidence tending to establish said relation, we hold that there was ample evidence on this point, and that under the facts proved, and about which there is no dispute, the relation of master and servant existed between said parties.    *In re Duncan* (1920), 73 Ind. App. 270, 127 N. E. 289; *Muncie Foundry, etc., Co.* v. *Thompson* (1919), 70 Ind. App. 157, 123 N. E. 196.

The appellant next insists that the evidence is not sufficient to sustain the verdict, and that its tendered first instruction should have been given.    This instruction was a direction to find for the appellant.

In determining the question now presented, we have read all the evidence offered on the trial.    Only two witnesses testified as to the accident which caused the death of Moore.    One of these witnesses was the father of the deceased.    He testified that he was standing about ten feet from his son at the time he received the injury; that he saw the lump of coal

strike him; that it came over the side of the shute; that he first saw it falling when it was about six inches from the head of the deceased. The other witness was one Seitz, who testified that he was about twenty or thirty feet from Moore at the time of the injury; that he saw the lump of coal strike him on the head; that this lump *rolled down* from the top of the tipple, and that it went over the side of the shute "down close to the wagon," and not at the upper end of the shute where one of the boards on the side of the shute was loose; that the loose board on the side of the shute had nothing to do with the chunk rolling off. The father of deceased testified that the shute was about twelve feet long, three feet wide, and two feet deep.

No evidence was offered upon the trial concerning the insufficiency of the shute, as to its width and depth, nor that it was not properly constructed, and amply sufficient to hold the amount of coal which the evidence tends to show it was designed to hold—two mine cars of coal.

As to the charge of negligence—dumping an excessive quantity of coal into the shute—we find no testimony whatever concerning the quantity of coal in the shute at the time Moore began to load his wagon therefrom, nor is there any evidence of careless dumping of coal into the pan, and letting it come down into the shute while the deceased was loading his wagon. It was not a mine car load of coal that came from the top of the tipple down into the shute, but, as testified by the only witness who saw it before it left the shute,—"a chunk rolled down."

As to the charge of negligence that the appellant allowed this shute to become and remain out of repair, there is some evidence tending to show that the shute was not in good repair, in this, that one of the boards on the side of the shute, near the upper end of same, was loose, and had been loose for some time prior to

accident, but there is no evidence which even tends to show that this condition of the shute had anything to do with causing the injury to decedent.

There is also some evidence that the floor of said shute was weak and as. a consequence coal would spill out of a crack between the floor and the side of the shute, at times when the shute would be overloaded. But as the only testimony in this case concerning the lump of coal which struck and injured the deceased, is, that said lump came over the side of the shute, at the top, it necessarily follows that the condition of the floor of said shute had nothing to do with causing the injury in question.

We are, upon this record, forced to the conclusion that there is no evidence in this record to support a verdict based upon any charge of negligence alleged in the complaint, and that the jury should have been so instructed.

Complaint is also made of the eighth instruction given at the request of appellee. This instruction told the jury that if they found the appellant guilty of any act of negligence charged in the complaint, and that such negligence was the cause of the injury and death of Jesse Moore, then the appellee was entitled to a verdict in his favor.

The correctness of the above instruction, in this case, depends upon the validity of the several charges of negligence alleged in the complaint—whether each 3, 4. of said charges was well pleaded—for, if any of said charges was not well pleaded, this instruction was erroneous. *Cleveland, etc., R. Co.* v. *Powers* (1909), 173 Ind. 105, 88 N. E. 1073, 89 N. E. 485. One of the charges of negligence was, that the said shute was constructed with the sides thereof "only two feet high." There were no averments as to the intended use of said shute, as to the quantity of coal that it was designed to carry or hold, at the time the same was built,

and nothing is alleged from which we can even infer that the sides of said shute were constructed of insufficient height. It was the duty of the coal company in dumping coal into this shute, to not dump more coal therein than the sides thereof would reasonably retain; there might be negligence on the part of the company subsequent to the building of the shute, in the matter of dumping coal therein, but evidence of this fact would not sustain the charge of negligent construction. There was no evidence offered on the trial from which the complaint herein could be deemed to have been amended in this particular, and the court erred in giving said instruction.

Other errors are alleged, but what we have heretofore said herein obviates a consideration of them.

Because of the errors noted, the judgment is reversed and the cause is remanded with directions to the trial court to sustain appellant's motion for a new trial, and for further proceedings.