provisions, therefore, do not constitute a proper exercise of police power but constitute a denial of equal protection of the laws in violation of the provisions of Section 1, Article I of the Constitution of Ohio, and of Section 1 of Amendment Fourteen of the Constitution of the United States, and are void.

Section 3 of the ordinance is void for the same reason, and for the further reasons that the subject-matter of such section is fully covered by the general laws of Ohio, and the regulations provided in that section are in conflict with the general laws and therefore not within the police power of the municipality prescribed in Section 3, Article XVIII of the Constitution of Ohio.

These sections, 2 and 3 of ordinance No. 1024, being void for the reasons mentioned, an injunction will be issued herein on plaintiff's petition enjoining the defendant from enforcing their provisions against the plaintiff.

*Decree for appellant.*

CROW, P. J., and KLINGER, J., concur.

PEMBERTON ET AL., APPELLANTS, *v.* BOARD OF EDN. OF CITY SCHOOL DIST. OF CITY OF TOLEDO, APPELLEE.

(Decided November 4, 1940.)

*Mr. W. W. Campbell,* for appellants.

*Mr. Martin S. Dodd,* director of law, and *Mr. J. Slater Gibson,* for appellee.

OVERMYER, J. This action was brought in the Common Pleas Court originally by three plaintiffs allegedly on behalf of themselves and some one hundred and thirty-nine other persons, ''non-educational employees'' of the Board of Education of the City School District of Toledo, Ohio, to recover salary and compensation claimed to be due them respectively from such board for the years 1931 to 1938. Later a supplemental petition was filed, and finally on March 16, 1940, an amended and supplemental petition was filed, which is now before the court and in which the number of claimed plaintiffs is reduced to ''between eighty and ninety individuals.''

The prayer of the present petition is:

''Wherefore, plaintiffs pray that judgment may be awarded against the defendant, and in favor of each plaintiff for the sum of money due and payable to them under said contracts and agreements, and now unpaid, and that said judgments for such amounts be given to

each plaintiff separately and individually. That the defendant be required to answer the interrogatories hereto attached * * *.''

The grand total of the several claims of the various plaintiffs, according to the exhibits attached to the petition, is $336,369.76.

In the Common Pleas Court a demurrer was filed to the amended and supplemental petition upon two grounds, *viz.*, misjoinder of parties plaintiff, and that the petition does not state facts which show a cause of action. The demurrer was sustained on both grounds and, plaintiffs not desiring to amend further, the amended and supplemental petition was dismissed at plaintiffs' costs. This appeal seeks a reversal of the judgment.

In substance, the petition before us alleges that all of the eighty or more plaintiffs are or have been employees of the board of education from September 1, 1931, "to this date" (date of filing); that the exhibits attached to the petition give the name and position held by each of them; that the defendant board has a record showing the base wage for salary or wages of each and the dates of employment, times of employment and amounts of salary or wages paid to each; that the various plaintiffs performed their respective duties as such employees; that they were each to be paid at the base wage or pay, but were not so paid and defendant varied the pay from year to year by reducing, on a percentage basis from the base pay, the amount paid to those employees during these years, on the claim of insufficient funds to pay in full.

It is further alleged that the board should have paid to each individual plaintiff the full amount of the base salary or wage because of an agreement that the employees were to be paid such base salary or pay, represented by a resolution adopted by the board prior to 1931, fixing such base pay or schedule which has remained unchanged; that they were entitled to such

full base salary or wage; and that the amount of money sued for is the sum set out after the respective names in the exhibit attached to the original petition, which is adopted and incorporated as a part of this petition.

The first ground of demurrer is based upon the claim that this action is not properly a class suit and that the attempt to combine in one action all the separate and different claims of all these plaintiffs for separate and several judgments is a misjoinder of parties plaintiff and not authorized by Section 11257, General Code. That section provides:

"When the question is one of a common or general interest of many persons; or the parties are very numerous, and [it] is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

There are a number of court decisions in Ohio construing this statute and they are uniform in holding that the "common or general interest" spoken of in the statute would not include a situation where a number of persons may have each a separate and distinct claim against a common defendant. Such is the holding in a leading case, *viz.*, *Brown* v. *Ginn, Trustee,* 66 Ohio St., 316, 64 N. E., 123, and the court held:

"It is to be observed, also, that these eight creditors were not joint owners of all the claims, but were several owners, each of his own. Neither had any interest in the claim of any other. Nor were the claims connected with one another. Each rested on its own peculiar facts. The parties could not, therefore, have joined in one action in their own names."

So, in the present case, we have some eighty persons, each with a separate claim, not the same in amount, or for the same kind of service, or connected with the claim of any other claimant. Some are janitors, others truck drivers, custodians, engineers, clerks, firemen, carpenters, etc., with different hours of work, different

wages per hour, different responsibilities. Some are on salary, others on wages. Some have had lost time for illness, etc., others may have overtime. Every claim is a claim for money, to which the defendant board may have a special defense which it is entitled to make in a jury trial on that claim.

"Community of interest" is the touchstone of a "class suit," and in this case John Doe has no such interest in the matter of Richard Roe's collection of his claim against the board; he is interested solely in collecting his own. Each individual plaintiff is interested in recovering what he claims is due from the defendant board and has, in the recovery for each of the other individual plaintiffs, no *interest* whatever, as that word in its legal significance is used in the statute. *Arnold* v. *Village of Van Wert*, 3 C. C., 545, 2 C. D., 314; *Stevens* v. *Cincinnati Times-Star*, 72 Ohio St., 112, 73 N. E., 1058; *Junge* v. *German Catholic Fund*, 22 C. C. (N. S.), 360, 33 C. D., 614; *Trustees of Jackson Twp.* v. *Thoman*, 51 Ohio St., 285, 37 N. E., 523; *Polatsek* v. *Union Trust Co.*, 21 Ohio Law Abs., 294.

We are of the opinion that the action here brought is not one qualifying under Section 11257, General Code. There is not shown such common or general interest, or community of interest, as the statute requires, and it is surely not impracticable for the various claimants to be brought before the court with their several different claims, if they so desire.

The second question presented by the demurrer is: Does the petition before us state a cause of action?

To the original petition are attached exhibits B to O, which are by reference incorporated in the petition before us, representing various resolutions adopted by the board at various times from September 8, 1931, to 1937, relating to reductions in pay of the various "non-educational employees." Some of these resolutions also contained provisions with reference to restoration

to full pay, but always on condition that funds to be collected would make such restorations possible—there is no allegation that such event occurred in any year. In all instances the employee had the choice to accept or reject the reductions in pay proposed by the respective resolutions. The director of schools appointed these employees, subject to the approval and confirmation of the board. Section 7695, General Code. The employees herein were in the classified service. Section 486-8, General Code. The pay rolls were made under the provisions of Section 5625-38, General Code. It would appear, therefore, that the appointment and employment of each of such individual employees is an individual matter, as is the payment of his salary or wage, and each individual had an opportunity to accept such reduction or to reject it. We are not shown any statutory inhibition preventing the board from fixing the pay or salaries of its employees in the various years at a percentage or proportion of some base rate or schedule which had "been determined prior thereto by resolution or ordinance or in the manner provided by law." Section 5625-38, General Code.

We note that Section 7689, General Code, fixes the term of a "school year" as beginning on July 1st of each calendar year and closing on the 30th of June of the succeeding calendar year, and that the computations made in plaintiffs' petition are based on a school year as beginning on September 1st and ending on August 31st of the years involved. This difference in computation appearing in the various resolutions adopted and the allegations of the petition, accounts for much of the confusion appearing in the petition as to just what the several claims of the several plaintiffs are, and demonstrates further the ineligibility of this action to be tried as a class suit.

It is clear from the petition and its exhibits that for each year involved here the defendant board found it necessary, because of lack of funds, to take action,

before the contemplated service by the various employees was rendered, to make a percentage reduction from the so-called base pay or schedule for the year. The employee then had a choice in the matter. Having voluntarily accepted the reduction by acquiescence, it constituted a new contract, and having been fully performed, there is no legal basis for recovery shown.

"A person who enters into and executes a transaction voluntarily with full knowledge of all the facts has no cause of action based on the attempted rescission or repudiation of the understanding of the parties to the transaction. The transaction having been carried to fulfillment there is no chose in action upon which to predicate an action." *State, ex rel. Hess,* v. *City of Akron,* 56 Ohio App., 28, 10 N. E. (2d), 1. See, also, *Lehman* v. *City of Toledo,* 48 Ohio App., 121, 192 N. E., 537.

The judgment of the lower court will be affirmed.

*Judgment affirmed.*

CARPENTER and LLOYD, JJ., concur.