## THE PENNSYLVANIA RAILROAD COMPANY V. SHERRON

[No. 28,882.  Filed April 25, 1952.  Rehearing denied
May 21, 1952.]

*Sharpnack & Bigley,* of Columbus, *Bulleit & Orbison,* of New Albany, and *Frank Hamilton,* of Greensburg, for appellant.

*Homer E. Hostettler,* of Henryville, *Dan C. Flanagan,* of Fort Wayne, and *Owen Voigt,* of Jeffersonville, for appellee.

DRAPER, J.—The appellee sued appellant and recovered damages for personal injuries suffered as the result of a collision between a truck he was driving and a railroad train operated by the appellant at the intersection of its tracks and a county highway in Clark County, Indiana.

One of the five separate acts of negligence alleged in appellee's complaint (specification 10b) is:

"That with knowledge of all the facts contained in the allegations of Rhetorical Paragraph 4 hereof, said defendant negligently and carelessly failed to provide suitable and adequate means to warn operators of motor vehicles from the northeast of

the approach of trains to said crossing from the north;"

The allegations of rhetorical paragraph 4 referred to therein are somewhat lengthy. It alleges that the road and tracks intersect at an angle of 45 degrees; that as the operator of a vehicle approaches the tracks from the northeast his view of a train approaching from the north is obstructed by an embankment so that when he is ten feet from the crossing he can see only 400 feet to the north; that 1610 feet north of the crossing the tracks curve so that at the intersection a train approaching from the north cannot be seen until it reaches a point 1610 feet north of the intersection; that from the north said track runs on a down grade.

Appellant's motion to strike out the allegation of negligence above quoted was overruled, and that is the first error assigned.

Since the overruling of a motion to strike out usually has the effect only of leaving surplusage in the record, it has frequently been broadly stated that no reversible error can be predicated upon such a ruling. 2 Lowe's Revision Works' Indiana Practice, §23.30, p. 127. In *Evansville, etc. Ry. Co.* v. *Woosley* (1950), 120 Ind. App. 570, 93 N. E. 2d 355, it was said that where the only effect of overruling a motion to strike out parts of a complaint is to leave surplusage in the record which, when considered in the light of the allegations of the complaint and the instructions of the court does not prejudice the defendant, the overruling of such motion does not constitute reversible error even though such action be erroneous. In *Lindley* v. *Sink* (1940), 218 Ind. 1, 30 N. E. 2d 456, it is suggested that if an insufficient allegation of negligence were included among other allegations of negli-

gence which are actionable, and the defendant unsuccessfully moved to strike from the complaint the insufficient allegation of negligence, a more serious question might be presented.

Here it is claimed that the overruling of the motion to strike should constitute reversible error because there was no other way to raise the question of the sufficiency of this particular allegation of negligence. We do not agree. We think a separate allegation of negligence can be singled out and a partial demurrer addressed thereto, the overruling of which would in a proper case constitute reversible error. See Gavit Indiana Pleading and Practice, Vol. I, §133, p. 645. Such is presently the rule with respect to certain other classes of actions, 1 Lowe's Revision of Works' Indiana Practice, §14.26, and cases cited, and we know of no good reason why it should not apply in actions for damages based on negligence.

The court instructed the jury that in order for the plaintiff to recover it was not necessary for the plaintiff to prove all of the acts of negligence charged against the defendant in the complaint, but that it was only necessary for him to prove by a preponderance of the evidence one of the acts of negligence as charged against the defendant, and that said act of negligence on the part of the defendant was the proximate cause of plaintiff's injuries, if any. It therefore becomes necessary to determine whether an allegation to the effect that the railroad company negligently failed to provide suitable and adequate means to warn operators of motor vehicles of the approach of its trains to an extra-hazardous and dangerous highway crossing, is actionable negligence. If not, the instruction was erroneous, for it is error to instruct the jury that the plaintiff may recover upon proof of an alleged

act of negligence which is insufficient in law. *Cleveland, etc. R. Co.* v. *Powers* (1909), 173 Ind. 105, 88 N. E. 1073, 89 N. E. 485; *Lower Vein Coal Co.* v. *Moore* (1923), 80 Ind. App. 53, 137 N. E. 887.

Negligence cannot be predicated alone upon the failure of a railroad company to erect and maintain safeguards at a public highway crossing unless such are required by statute or by the public service commission or other duly constituted authority. *Terre Haute, etc., Traction Co.* v. *Phillips* (1921), 191 Ind. 374, 132 N. E. 740; *Pennsylvania R. Co.* v. *Rizzo* (1949), 119 Ind. App. 505, 86 N. E. 2d 91, 87 N. E. 2d 885; *C. C. C. & St. L. Ry. Co.* v. *Gillespie* (1933), 96 Ind. App. 535, 173 N. E. 708. However, the failure to furnish additional safeguards at intersections may nevertheless be considered in determining whether the defendant has been guilty of negligence if the issue is properly presented. It is the duty of a railroad company to operate its trains in the exercise of reasonable care. The absence of warning signals or devices, together with all other circumstances and conditions surrounding the crossing, may be considered by the fact finder in determining whether, under all the circumstances, the train was negligently operated if the question is presented by the issues joined.

In *Terre Haute, etc., Traction Co.* v. *Phillips, supra,* this court said:

"It will be observed that this instruction did not refer to the speed at which the car was run, or the manner in which it was operated, or the frequency with which travelers passed over the crossing, but authorized a finding of negligence on the part of the defendant company if there was no electric bell or watchman at the crossing and the surroundings afforded 'less than ordinary observation of an approaching car,' no matter how slowly the car was run nor what precautions were taken to give notice

of its approach, by repeatedly blowing the whistle· or otherwise, nor how infrequently the highway was used. This was error. The failure to provide a bell or watchman at a highway crossing in the country to warn travelers could only be actionable negligence if it violated some duty imposed by law on the railroad company. And no positive duty to install such warnings is imposed by the law of Indiana, except where an order to that effect has been made by the Public Service Commission or other proper authority.

"At common law the fact that there was no electric bell or watchman might be shown, as a circumstance attending the operation of the car, from which to determine, in connection with the amount of travel habitually passing over the crossing and all other circumstances, whether or not the operation of the car in the manner and at the speed that it was operated was negligent. But a duty to run a car with care in view of the fact that there are no special warnings at the crossing is not the same as a duty to provide and maintain a bell or watchman no matter how the car is run. There is no duty under the common law to place a bell, watchman, or other special warning, at a highway crossing in the country."

The appellee disposes of this pronouncement as *obiter dictum* because there was no evidence in the record that the crossing involved was not provided with a safety device and the instruction under consideration was repudiated, not for the reasons stated in the above "quote," but because it was inapplicable to the evidence. Dictum or not, two months later it was made doctrine by the decision in *Lake Erie, etc., Railway Company* v. *Johnson* (1921), 191 Ind. 479, 133 N. E. 732. There this court said:

"Instruction No. 3, given by the court, stated that 'There are three charges of negligence set forth in plaintiff's complaint; first, that the defendant company negligently approached the highway crossing without ringing a bell or blowing a

whistle; second, the defendant company in approaching said highway crossing with said locomotive negligently ran and operated the same at a high and dangerous speed; and third, the defendant company negligently failed and omitted to maintain a watchman or gates or an automatic signal at such crossing for the purpose of warning travelers on the highway of the approach of trains thereto. In order to recover it is not necessary that the plaintiff prove all of the acts of negligence above set forth, but he must prove by a fair preponderance of the evidence . . . at least one of such acts of negligence, and it must appear that such act of negligence was the proximate cause of the accident resulting in plaintiff's injury.'

"The court also gave another instruction, No. 12, which directly submitted to the jury for its decision the question whether or not the appellant was guilty of negligence in failing to maintain a watchman or gates at the crossing, in which there was no reference whatever to the speed at which or the manner in which the train that caused the injury or any other train was operated over the crossing. That it was error to give these instructions, and was also error to admit the evidence of plaintiff tending to show that automatic signals and bells were used at other highway crossings, has been decided by this court in a recent case, on the authority of which we so hold. *Terre Haute, etc., Traction Co.* v. *Phillips* (1921), *ante* 374, 132 N. E. 740."

The Appellate Court, as late as 1949, had occasion to comment on the question under consideration and in doing so followed that part of the decision in the Phillips case which we quoted above. *Pennsylvania R. Co.* v. *Rizzo, supra.*

In *Watson* v. *Brady* (1932), 205 Ind. 1, 185 N. E. 516, the sole question before the court was the sufficiency of the complaint to withstand a demurrer for want of facts. Among several separate acts of negligence charged in the complaint was "failure to pro-

vide an electric flash signal, working gates, watchman, or bell or gong at the crossing, which was perilous and hazardous, and near a large city where there was heavy traffic." The court held that this was a charge of amenable negligence because it was coupled with an allegation that the defendant *negligently ran its car* against the plaintiff. In disposing of the question the court said:

> "Whenever a railroad crossing is for any reason particularly dangerous, it *is not* a question for the jury to decide whether or not a railroad company should provide signalling and safety devices at any particular crossing, but the jury may consider the fact that there were no devices or watchmen together with all the other circumstances surrounding the crossing such as the near situation of houses, trees, vegetation and the like, and the frequency with which travelers pass over the crossing in order to determine whether or not *the operation of the car* in the manner and at the speed that it was operated, was negligent. *T. H. I. & E. Traction Co.* v. *Phillips* (1921), 191 Ind. 374, 132 N. E. 740." (emphasis supplied).

To the same effect see *Pennsylvania R. Co.* v. *Sargent, Admrx.* (1948), 119 Ind. App. 195, 83 N. E. 2d 793.

The language of *Watson* v. *Brady,* above referred to, is particularly significant in view of the fact that an opinion in that case was first written and reported in 183 N. E. 664, but was later withdrawn. In the earlier opinion the court said that "Whenever a railroad crossing is for any reason particularly dangerous, *it is* a question for the jury whether the degree of care which the company is required to exercise to avoid accidents at the crossing imposes on the company the duty to provide safety devices at the crossing." (emphasis supplied). Thus, it is apparent that this court adhered to the rule announced in previous cases advisedly, and after due and careful consideration.

As the complaint is framed it is apparent that the appellee relies solely on the failure of the appellant to provide additional suitable and adequate means at the crossing to warn operators of motor vehicles from the northeast of the approach of trains to said crossing from the north, without regard to the care or lack of care with which said train was operated. A recovery on that basis is not authorized in this jurisdiction.

The appellee contends, however, that error in the regard just discussed is harmless because the jury found in answer to interrogatories submitted to it that the appellant failed to blow the whistle and ring the bell as required by statute as its train approached the crossing; that such a finding is a finding of negligence per se; and coupled with undisputed evidence that the appellee was free from contributory negligence (concerning which no contention is made in this case), indicates that except for the appellant's failure to ring the bell and blow the whistle the accident probably would not have occurred, and therefore it follows that such neglected duty was the proximate cause of the collision.

In support of this proposition the appellee refers to *N. Y. C. R. R. Co.* v. *De Leury* (1935), 100 Ind. App. 140, 192 N. E. 125. There the court was considering whether the answers to interrogatories were in conflict with the general verdict. In that case the court, having "established" one of the charges in the complaint as the proximate cause of the injury, did not deem it necessary to discuss the other two. It does not appear, however, that either of the other two charges of negligence was insufficient upon which to base a recovery. Other cases relied upon are similar.

To sustain a recovery the evidence must establish a negligent act or omission on the part of the defendant which proximately caused the plaintiff's injury. A negligent act or omission does not necessarily cause injury. Injury may result from an act or omission not negligent. The question of proximate cause is one for the jury. The fact that the answers to the interrogatories show a positive violation of appellant's duty to sound the statutory signals gives us no right to assume that the jury found that the collision would not have happened otherwise. With a complaint alleging the fact that the appellant failed to provide suitable means of warning travelers at the crossing, and the evidence establishing it as a fact that no provisions for warning travelers had been made there, the jury may well have concluded that the accident would not have happened except for such failure, even though the train sounded no warning signals as it approached the crossing.

In *Cleveland, etc. R. Co.* v. *Powers, supra,* the plaintiff was the defendant's servant, and the action was brought for injuries to the plaintiff resulting from the running of the defendant's train. All except one charge of negligence as contained in the complaint involved assumption of risk by the plaintiff. The only one not involving assumption of risk charged the violation of an ordinance limiting the speed of trains. It was held that the latter alleged actionable negligence, but the others were insufficient. The jury found in answer to an interrogatory that the railroad had violated the ordinance limiting speed, and it was contended that this furnished a sufficient basis for affirmance, although the court had instructed the jury that they might find for the plaintiff if the evidence established that the injury was the result of one or more of the

acts of negligence charged. The court there said: "It cannot be discovered from the answers to the interrogatories that the recovery is based upon the unlawful rate of speed, as the proximate cause of the injury, and the judgment cannot be upheld as to other alleged acts of negligence, as to which no good cause of action is stated." The situation here is comparable. The jury found by its answers to interrogatories that the whistle was not blown and the bell was not rung. It cannot be discovered from the answers to the interrogatories that the recovery was based upon either failure as the proximate cause of the injury, nor can the general verdict have that significance under these circumstances. As heretofore stated, the jury may have concluded that even though the bell was not rung and the whistle was not blown, the accident would nevertheless not have happened except for appellant's failure to provide facilities at the crossing for warning operators of motor vehicles of the approach of trains to said crossing from the north.

The only other question raised is not likely to arise on a retrial of the case.

Judgment reversed and cause remanded with instructions to sustain appellant's motion for new trial.

NOTE.—Reported in 105 N. E. 2d 334.