236 Ind. 146 (1956)
139 N.E.2d 158
TEETER ET AL.
v.
MUNICIPAL CITY OF LaPORTE ET AL.
No. 29,302.
Supreme Court of Indiana.
Filed December 26, 1956.
Taylor, Allen, Matthews & Gay, Harry S. Taylor, of South Bend, for appellants.
*147 John Anderton, City Attorney of LaPorte, Roule & Raelson, of LaPorte, Stevens & Wampler, of Plymouth, and John P. Daley, special counsel, of LaPorte, for appellees.
Edwin K. Steers, Attorney General, Addison M. Dowling, and Judson L. Stark, Deputy Attorneys General, Amicus Curiae.
EMMERT, J.
This is an appeal from a judgment for appellees upon failure of appellants to plead over after a demurrer had been sustained to an amended complaint for injunction.
The amended complaint sought to enjoin appellees, defendants in the trial court, from adding fluorides to the water supplied by the municipal water works, to declare void Section 27 of Ordinance 948 enacted by the Common Council of the City of LaPorte in March, 1951. The questioned section reads as follows:
"The Municipal waterwords of the City is hereby authorized to add Fluorides to the water for the purpose of reducing dental caries. And the Board of Public Works and Safety of the City is hereby authorized to purchase from the revenues of the water works the necessary Fluorides to be added, as well as any equipment to properly add such Fluorides to the water distributed by the municipal water works."
There was no motion filed by the defendants to make the amended complaint more specific,[1] and when such *148 a complaint is tested by demurrer all intendments are taken in favor of the pleading. 1 Lowe's Work's Ind. Practice § 14.39, p. 565; Rochester Bridge Co. v. McNeill (1919), 188 Ind. 432, 439, 122 N.E. 662; Domestic Block Coal Co. v. DeArmey (1913), 179 Ind. 592, 100 N.E. 675, 102 N.E. 99; Vandalia Coal Co. v. Coakley (1915), 184 Ind. 661, 111 N.E. 426; Lincoln Operating Co. v. Gillis (1953), 232 Ind. 551, 558, 114 N.E.2d 873. See also State ex rel. Tittle v. Covington, Etc., Schools (1951), 229 Ind. 208, 214, 96 N.E.2d 334.
The amended complaint attempted to plead a class action under § 2-220, Burns' 1946 Replacement, by alleging:
"1. That these plaintiffs are all citizens of the United States of America and the State of Indiana, residing in LaPorte, Indiana, and bring this action to assert their said rights of citizenship on behalf of themselves and for all others of the class of such citizens residing in LaPorte, Indiana, and entitled to assert their rights of citizenship.
"2. That plaintiffs are all resident taxpayers of the Municipal City of LaPorte, Indiana, and bring this action on behalf of themselves in their capacity as said taxpayers and on behalf of all others of said class residing in said City of LaPorte, Indiana.
"3. That plaintiffs are all users of water supplied by the City Water Works, a utility operated by the Municipal City of LaPorte, Indiana, and bring this action in their capacity of said water users and on behalf of all persons in said class residing in said City and using such water supplied by such public utility.
"4. That certain of the plaintiffs are opposed to the enforced use of medicinal properties and ingredients on religious scruples.
"5. That all of the plaintiffs are members of an association known as the LaPorte Committee Opposed to Fluoridation representing an organization of approximately 3,000 persons, all residents of the City of LaPorte, Indiana, who are opposing and have expressed their opposition to the use of *149 fluorides in the water supplied by the Municipal City of LaPorte through its said Public Water Works, and they being this action in their capacity as members of such committee and organization and on behalf of the entire membership of such organization."
It is not necessary to summarize all the facts and contentions asserted by the complaint, but among other averments it alleged:
"27. That the toxic qualities of fluorines affect the health and physical condition of different persons in various manners, some being peculiarly allergic to same, and to require the entire population of said city to ingest them, particularly when artificially and mechanically added, would have a cululative [cumulative] toxic effect, particularly upon the aged, the ill, and those suffering from chronic physical ailments, particularly cancer."
It also alleged violation of the constitutional rights, as set out in the note.[2]
The first cause of the demurrer was on the ground there were several causes of action improperly joined. Section 2-1009, Burns' 1946 Replacement, provides, "No judgment shall ever be reversed for any error committed in sustaining or overruling a demurrer for misjoinder of causes of action." The preceding section requires the court, upon sustaining a demurrer for misjoinder of causes of action, to note the misjoinder on the order-book, and cause separate *150 actions to be separately docketed. Since there is no order-book entry showing this, we must presume the demurrer was not sustained for misjoinder of causes.
The second ground of the demurrer was for failure to state facts sufficient to constitute a cause of action. We do not deem it necessary to consider all the reasons and arguments cited in the memorandum to the demurrer in support of this ground. There is nothing in the memorandum whereby we would be authorized to hold that rhetorical paragraph 27 of the amended complaint is untrue as a matter of law. We do judicially know many cases have decided that fluoridation of public water supply is a reasonable exercise of the police power. Baer v. City of Bend (1956), 206 Or. 221, 292 P.2d 134; Kraus v. City of Cleveland (1955), 163 Ohio St. 559, 127 N.E.2d 609, appeal dismissed 351 U.S. 935, 100 L.Ed. 646, 76 S.Ct. 833 (1956); Froncek v. City of Milwaukee (1955), 269 Wis. 276, 69 N.W.2d 242; Dowell v. City of Tulsa (1954), ___ Okla. ___, 273 P.2d 859, certiorari denied 348 U.S. 912, 99 L.Ed. 715, 75 S.Ct. 292 (1955); Kaul v. City of Chehalis (1954), 45 Wash.2d 616, 277 P.2d 352; Chapman v. City of Shreveport (1954), 225 La. 859, 74 So.2d 142, appeal dismissed 348 U.S. 892, 99 L.Ed. 701, 75 S.Ct. 216 (1954); DeAryan v. Butler (1953), 119 Cal. App.2d 674, 260 P.2d 98, certiorari denied 347 U.S. 1012, 98 L.Ed. 1135, 74 S.Ct. 863 (1954). Only one of these cases was an appeal from a judgment on a demurrer, and there were admissions made by counsel in an oral argument and it does not appear the complaint alleged fluoridation had toxic effects.[3]
*151 We have been cited to numerous scientific articles by appellants and appellees, but under the present state of scientific experience and opinion we do not feel we are in a position to hold conclusively as a matter of law fluoridation will not have cumulative toxic effects. If it does, such will be a matter of proof by the plaintiffs in the trial court when the issues are tried there. If there should be conflicting evidence on this issue the trial court is in a position to weigh it, and we are not.
It is not necessary to decide the constitutional issues at this stage of the proceeding, since anything we might decide now would be without proof first had in the trial court.
Judgment reversed with instructions to overrule the demurrer and for further proceedings consistent with this opinion.
Achor, C.J., Arterburn, Bobbitt and Landis, JJ., concur.
NOTE.  Reported in 139 N.E.2d 158.
NOTES
[1] There was no motion filed to make the amended complaint more specific under § 2-1005, Burns' 1946 Replacement. There was a motion filed to require the plaintiffs to show by what authority the action was brought on behalf of a certain religious organization and on behalf of the LaPorte Committee Opposed to Fluoridation. The amended complaint omitted all reference to the religious organization.
[2] "33. That said ordinance violates Amendment I to the Constitution of the United States in that it prohibits the free exercise of religious scruples, by such persons who on account of such scruples are opposed to medication.

"34. That it violates Amendment XIV to the Constitution of the United States in that it abridges the privilege and immunities of citizens of the United States and deprives them of certain liberties, in that it becomes an enforced method of taking drugs and giving same to their children, in water and food, whereas each individual should have the right to determine what to drink and eat without dictation from others, whether they be individuals or municipalities.
"35. That on account of its restriction to freedom of the individual, it is in violation of the Indiana Bill of Rights."
[3] "Although there is no direct benefit to adults, it is not alleged, nor is it contended, that the consumption of water so treated is harmful to them or anyone else. The concessions of counsel for the plaintiff to which we have referred only harmonize with scientific findings reflected in the opinions of the courts which have been called upon to consider constitutional challenges to similar legislation." Baer v. City of Bend (1956), 206 Or. 221, 223, 224, 292 P.2d 134.