236 Ind. 370 (1957)
140 N.E.2d 512
McKENNA, ETC. ET AL.
v.
STANDARD OIL COMPANY, ETC.
No. 29,429.
Supreme Court of Indiana.
Filed February 27, 1957.
*372 William Belshaw, and Green, Powers, Belshaw & Danko, (of counsel), all of Whiting, for appellant.
Richard P. Tinkham, Hunter L. Johnson, Jr., and Tinkham, Beckman & Kelly, (of counsel), all of Hammond, for appellee.
EMMERT, J.
This is an appeal from a judgment for appellee for failure of appellants to plead over after a demurrer had been sustained to an amended complaint. The appeal is here by reason of the failure of four judges of the Appellate Court to concur. Section 4-209, Burns' 1946 Replacement.
The amended complaint in substance charged that appellant brought this action individually and as a member of and on behalf of 6,800 employees of appellee; that on April 30, 1952, they engaged in an industrial dispute with the appellee and had ceased working for it; that on said date they had earned wages for approximately ten days which became due and payable on May 9, 1952, which was the next regular pay day; that demand had been made for the payment of said wages and that appellee wrongfully and unlawfully and in violation of the statutes of the State of Indiana failed to pay the wages due for a period of more than ten days; that there was due appellant and the members of the class the approximate sum of $816,000.00, "in varying amounts due to each member of said class"; that under the statutes of the state there was due said parties as liquidated damages the additional sum of $816,000.00 plus attorneys' fees for appellants' attorneys *373 of record in the sum of $326,400.00. The prayer was for judgment in behalf of appellant McKenna and the members of the class against the appellee in the sum of $1,632,000.00 plus attorneys' fees in the sum of $326,400.00.
Appellee filed a demurrer for the following causes:
"1. The plaintiff has no legal capacity to sue.
"2. That there is a defect of parties plaintiff.
"3. That the amended complaint does not state facts sufficient to constitute a cause of action.
"4. That several causes of action have been improperly joined."
There is no merit to the first cause for demurrer. I Lowe's Works' Ind. Practice § 14.14; Flanagan, Ind. Pl. & Proc. § 24(1). Nor does the second cause deserve serious consideration, for appellee complained there were too many parties. The record fails to disclose the trial court followed the requirements of § 2-1008, Burns' 1946 Replacement, in sustaining a demurrer on the ground of misjoinder of causes, and we must presume the demurrer was not sustained on that ground. Teeter v. Municipal City of LaPorte (1956), 236 Ind. 146, 139 N.E.2d 158. The third ground for demurrer presents the serious issue in this appeal.
As we construe the complaint it attempted to plead a common count for work and labor for the appellant and all other members of the class under Ch. 47 of the 1933 Acts (§§ 40-101 and 40-102, Burns' 1952 Replacement) and Ch. 95 of the 1939 Acts (§§ 40-124 to 40-131, Burns' 1952 Replacement).[1]
*374 Chapter 95 of the 1939 Acts was clearly intended to supplement the provisions of Ch. 47 of the 1933 Acts.[2] Neither Act authorized an employee to bring a class action for work and labor, and we cannot hold that the appellant and his class proceed under any statute specifically authorizing such an action. If the statutes had contained provisions similar to the Fair Labor Standards Act a different issue would be presented. 29 U.S.C.A. § 216.[3] But even under this specific statutory authorization the federal courts have termed such an action a "spurious" class action. Pentland v. Dravo Corporation (1945), 152 F.2d 851.[4] *375 Under § 5 of the 1939 Acts, § 40-128, Burns' 1952 Replacement, the commissioner of labor was authorized to bring a class action somewhat similar to the one provided in the Fair Labor Standards Act, but there is nothing in this Act or the 1933 Act which makes action by the commissioner of labor the exclusive remedy under the Act.[5]
Therefore, appellant must justify the action at bar under the provisions of § 2-220, Burns' 1946 Replacement, which states:
"... when the question is one of a common or general interest of many persons, or where the parties are numerous and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole."
This court has held this section merely restates the equity rule for both equity and law under the Code. *376 Board of Comrs. of Vanderburgh County v. Sanders (1940), 218 Ind. 43, 47, 30 N.E.2d 713, 131 A.L.R. 1048. In prior opinions of this court we have noticed that many of the cases on class action seem difficult to reconcile with many other cases on the subject matter. Smith v. Sparks Milling Co. (1942), 219 Ind. 576, 39 N.E.2d 125; Kimes v. City of Gary (1946), 224 Ind. 294, 66 N.E.2d 888. However, the Indiana cases do require some common interest among all the plaintiffs or among the defendants centering in the point in issue in the cause. Tate v. Ohio and Mississippi Railroad Co. (1858), 10 Ind. 174, 175. This case laid down the rule that "Several plaintiffs, by one complaint, cannot demand several matters of relief which are plainly distinct and unconnected...."
Professor Pomeroy stated the requirement as follows:
"... The right which the suit is brought to assert must in some manner or degree belong to all who are represented by the actual plaintiff; and all the persons who are represented by the actual defendant must have some interest adverse to the demand for relief set up by the action. The parties thus represented by the plaintiff or defendant may not be in privity with each other, but there must be some bond of connection which unites them all with the questions at issue in the action. The test would be to suppose an action in which all the numerous persons were actually made plaintiffs or defendants, and if it could be maintained in that form, then one might sue or be sued on behalf of the others; but if such an actual joinder would be improper, then the suit by or against one as a representative would be improper, notwithstanding the permission contained in this section of the statute." Pomeroy, Code Remedies (5th Ed.) (1929), § 289, p. 441.
This test was quoted with approval in Kimes v. City of Gary (1946), 224 Ind. 294, 302, 66 N.E.2d 888, supra.
*377 The appellants do not allege any common interest in any collective bargaining agreement, nor does McKenna allege that he and any other member of his class together had a contract with the appellee. As before noted, he does not allege any statute specifically authorizing this class action. He does not sue for damages for the breach of any express contract, for he attempts to plead himself within the 1933 and 1939 Acts. U.S. Reduction Company v. Nussbaum (1942), 112 Ind. App. 330, 42 N.E.2d 403.
The fact that thousands of employees have separate claims for work and labor against the same defendant is not sufficient to authorize joining them in one class action against the defendant. Nor is it sufficient that all their wages may be due on the same day. Pemberton v. Board of Education of City School Dist. (1940), 67 Ohio App. 175, 36 N.E.2d 170; Masetta v. National Bronze & Aluminum Foundry Co. (1953), 159 Ohio St. 306, 313, 314, 112 N.E.2d 15. In the latter case the court reasoned: "If this be considered an action at law, the only remedy sought is money damages  the amount which each of the group lost by way of wages, bonuses, overtime, premium time and vacation pay and damages due to loss of seniority. Whether all these items are included in the lump sum of $60,000 is not made clear. If such damages were recoverable, it is obvious that no two employees would be entitled to the same amount. Each employee would have his individual seniority rights and no two would be the same. There is no question common to them and no issue which affects all of them alike. It is clear that the plaintiff and `other employees' are not united in interest and that there is no question of common or general interest among them which could be established by the same evidence. Joint trial of their several causes of action is not possible. Hence no right to maintain *378 this action arises under Section 11257. Trustees v. Thoman, 51 Ohio St. 285, 37 N.E. 523; Stevens v. Cincinnati Times-Star Co., 72 Ohio St. 112, 154, 73 N.E. 1058, 106 Am. St. Rep. 586; Davies v. Columbia Gas & Electric Corp., 151 Ohio St. 417, 86 N.E.2d 603."
We feel the reasoning of this case answers the principal issue to be decided here. However, in two late cases this court has reiterated the rule that if the complaint entitled the plaintiff to any relief, it is good as against a general demurrer for want of facts under § 2-1007, Burns' 1946 Replacement. Smith v. Sparks Milling Company (1942), 219 Ind. 576, 605, 39 N.E.2d 125, supra; Kimes v. City of Gary (1946), 224 Ind. 294, 307, 66 N.E.2d 888, supra. For this reason the demurrer should have been overruled.
Clearly, the appellant McKenna's individual cause of action is a separate cause from the class action. "The defendant may demur to one or more of the several causes of action alleged in the complaint, and answer as to the residue." Section 2-1012, Burns' 1946 Replacement [Acts 1881 (Spec. Sess.), ch. 38, § 90, p. 240]. The appellee could have limited the issue in the trial court by such a partial demurrer. See Pennsylvania R.R. Co. v. Sherron (1952), 230 Ind. 610, 105 N.E.2d 334; 1 Gavit, Indiana Pleading & Practice § 133, pp. 645-648.
Judgment reversed with instructions to the trial court to overrule appellee's demurrer.
Achor, C.J., Arterburn, Bobbitt and Landis, JJ., concur.
NOTE.  Reported in 140 N.E.2d 512.
NOTES
[1] The material parts of Ch. 47 of the 1933 Acts are as follows:

"Section 1.... That every person, firm, corporation or association ... doing business in this state shall pay each employee thereof at least twice each month, if requested, between the first and tenth and between the fifteenth and twenty-fifth of each month inclusive, the amount due such employee.... Such payment shall be made for all wages earned to a date not more than ten days prior to the date of such payment.... That should any employee voluntarily leave his employment, either permanently or temporarily, such employer shall not be required to pay such employee any amount due such employee until the next usual and regular day for payment of wages, as established by such employer; ...
"Sec. 2. Every such person, firm, corporation or association who shall fail to make payment of wages to any such employee, as provided in section 1 of this act, shall, as liquidated damages for such failure, pay to such employee for each day that the amount due to him remains unpaid ten (10) per cent. of the amount due to him in addition thereto, not exceeding double the amount of wages due, and said damages may be recovered in any court having jurisdiction of a suit to recover the amount due to such employee, and in any suit so brought to recover said wages, or the liquidated damages for nonpayment thereof, or both, the court shall tax and assess as costs in said case a reasonable fee for the plaintiff's attorney or attorneys." Sections 1 and 2, Ch. 47, Acts 1933.
[2] "... Provided, however, That nothing herein shall be construed to repeal `An act concerning labor; regulating the payment of wages, providing for the recovery of liquidated damages and attorneys' fees,' approved February 25, 1933." Sec. 8, ch. 95, Acts 1939.
[3] "... Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C.A. § 216.
[4] "The other and stronger point becomes apparent when one looks at the statute and then goes back to Moore again. The rights under this Act are not enforcible alone in federal courts but in `any court of competent jurisdiction.' Spurious class actions are of modern development; in some states they have been refused when they involved tort claims. State practice varies widely. Congress, we take it, was giving rights here under a federal statute which are enforcible in any court in the land. To what extent the language used subordinates state practice we need not decide. It is quite apparent that Congress, in providing for suit under the Act in all courts, advisedly did not assume that practice in all those courts would be that under the new federal rules. Had it limited the Act to federal court enforcement, the language of § 16 might not have been necessary, assuming, of course, that judges in federal courts thoroughly understand the new federal rules and apply them correctly at all times. We think the meaning we give to the language carries out the purpose of the Act." Pentland v. Dravo Corporation (1945), 152 F.2d 851, 853.
[5] "Sec. 5. The commissioner of labor is hereby authorized to take assignments of wage claims of less than one hundred dollars ($100.00), rights of action for penalties, mechanics' and other liens of workers, without being bound by any of the technical rules with reference to the validity of such assignments; and shall have power and authority to prosecute actions for the collection of such claims of persons who, in the judgment of the commissioner, are entitled to the services of the commissioner and who, in his judgment, have claims which are valid and enforceable in the courts. The commissioner shall have power to join various claimants in one preferred claim or lien, and in case of suit to join them in one cause of action." Section 5, Ch. 95, Acts 1939.