ROBERTS *v.* INDIANA GAS & WATER CO., INC.

[No. 20,420. Filed July 28, 1966. Rehearing denied December 7, 1966. Transfer denied February 28, 1967.]

*James D. Lopp* and *John D. Clouse*, both of Evansville, for appellant.

*Hugh E. Reynolds* and *J. Loyd Fitzpatrick*, both of Indianapolis, and *Locke, Reynolds, Boyd & Weisell*, of Indianapolis, and *Hastings & Allen*, of Washington, both of counsel, all for appellee.

HUNTER, J.—This is an appeal from the lower court's action in sustaining the demurrer of the defendant-appellee. The plaintiff-appellant refused to plead over. The appeal was brought on the alleged error of the trial court's ruling that the second paragraph of the fourth amended complaint (hereinafter referred to as complaint) failed to state facts sufficient to constitute a cause of action. The appellee also filed a motion to make the said second paragraph of complaint more specific which said motion was overruled by the lower court. Consequently, on this appeal in construing the sufficiency of the complaint, we are limited to a consideration of the facts well pleaded without any factual conclusions whatsoever in support of the appellant's cause of action. *Terre Haute, etc., Traction Co.* v. *Phillips* (1921), 191 Ind. 374, 132 N. E. 740.

On the demurrer in this case, the facts well pleaded and which shall be taken as true are as follows:

(1) The appellant was on the exterior of a building to which the gas company supplied gas.

(2) Two workmen of a plumbing contractor were connecting the gas lines to some appliances in the process of which they had to bleed the gas lines within the building.

(3) In bleeding the gas lines, the two workmen used their sense of smell to assure that gas was not escaping.

(4) The appellee knew of this common procedure and reliance.

(5) In order for this practice to be effective, the gas must be odorized.

(6) It was the long established custom of the appellee to ordorize the gas.

(7) While the two workmen were bleeding the lines, gas was escaping into the building, which subsequently exploded causing injury to the appellant.

(8) The appellant asserts that the proximate cause of said explosion was the negligence of the appellee in failing to ordorize the gas.

The appellee in its memorandum stated two (2) points which are argued here on appeal by the appellant. We shall discuss them in the order presented.

First, the appellee in its brief and memorandum to the demurrer states that the appellant's complaint "fails to allege any facts sufficient in law to show that this defendant breached and violated a duty owing to the defendant." The appellee continues by stating that the complaint fails to state facts sufficient to show that the appellee was under a legal duty to odorize the gas. It is rather difficult to understand whether (1) the appellee is stating that appellant did not properly plead enough facts according to and consistent with the roles of pleading, or (2) whether under the circumstances such facts could ever be pleaded as a matter of law. Therefore, we shall address ourselves to both problems.

In the instant case, it is our opinion that the question of whether the appellee should have odorized the gas is not necessarily a question of legal duty *per se*. In negligence it is axiomatic that there must be a duty owed by a defendant to a plaintiff, and that there was a breach of said duty proximately resulting in the injury or damage claimed by the plaintiff. In the facts at bar, it is alleged that the appellee is under a duty to produce and distribute its gas in a reasonably safe and prudent manner. This is a legal duty and in the facts at bar, which as pleaded may well be construed to be a duty owed to the general public. The question of whether the appellee (corporation) should have odorized its gas is part of the question of the standard of reasonable care to be used in judging the conduct of the appellee in the exercise of its duty, i.e., was the conduct of the appellee in failing to ordorize said gas reasonable and prudent in the exercise of the duty of due care in the production and distribution of natural gas? If the appellee is contending that the conduct of odorizing gas is not the conduct of a reasonable and prudent man (corporation), this we cannot completely answer for such is a question of fact for the jury.

However, the issue presented in the case at bar may be question of law to the extent that a party engaged in the production and distribution of natural gas is bound to odorize such gas in the exercise of reasonable care. In the case at bar, the appellant alleges that the standard of reasonable care requires that the appellee should have odorized the gas due to the following:

(1) "It is both in keeping with due care in the sale of the defendant's gas products," and such practice

(2) "was and is the custom of the defendant, well established by its long practice and community wide usage . . ."

We do not deem it necessary to pass on the question of whether or not the law recognizes that a reasonable and prudent distributor of gas should odorize the natural gas it distributes in the exercise of due care regardless of past or present conduct. If a complaint is valid on any theory it must stand in the face of a general demurrer. *McKenna, etc. et al.* v. *Standard Oil Co., etc.* (1957), 236 Ind. 370, 140 N. E. 2d 512.

It is our opinion that the complaint is sufficient as a matter of law in that the appellant alleged that it was the long established custom and usage of the appellee to odorize its natural gas which produced reliance on the part of those who worked with the product distributed. It has been held in Indiana that custom and usage are relevant in defining due care. The appellant points to *William Laurie Co.* v. *McCullough* (1910), 174 Ind. 477, 90 N. E. 1014 as authority for this proposition. The appellee criticizes this case in that it involves the question of negligence in the waxing of floors not gas and its odorization. In said case the defendant attempted to show that other concerns used the same manner of waxing the floors and additionally introduced evidence showing the accident free experience of such use. The court said, "custom and usage . . . are competent evidence

on the question of care and diligence required in proper conduct. . . ." The degree of widespread usage of such a custom went only to the weight of the evidence not the admissability.

The applicability of the above case can only be questioned insofar as it is the opposite of the application of custom and usage from the case at bar. In said case the defendant developed custom and usage to show a non-negligent action on his own part. However, in the facts at bar the appellant is attempting to use custom and usage to establish that the appellee did not exercise reasonable care. If custom and usage are applicable in said case, the converse is equally applicable to the facts at bar. Since Indiana adheres to the principle of law that custom and usage are competent evidence to show non-negligent conduct, we must hold upon the same basis that the omission of a precaution as established through custom and usage may be the equivalent of the lack of due care, especially where there is reliance on said custom or precaution. One noted authority states in this regard:

> "Upon the same basis, the omission of a customary precaution may, in a particular case, be negligence in itself, especially where it is known that others may rely on it. 71" Prosser, William L., *The Law of Torts*, 3rd Ed., 1964, p. 171.

In 65 C. J. S., *Negligence*, § 16, p. 408, it is stated:

> "Departure from customary methods does not necessarily show negligence, although it may be a proper matter for consideration in determining whether due care was exercised."

In the facts at bar, the appellant alleged that the precaution of odorizing gas was the long established custom of the appellee, that the people who worked with the product relied on the custom, and that in this particular instance the failure of the appellee to odorize the gas was the proximate cause of the injury to the appellant. This is sufficient as a matter

of law. The remaining part of this question is one of fact for a jury.

The question then arises: was the matter properly pleaded? The appellee contends that it was not properly pleaded citing *Southern Indiana Express Company* v. *United Exp. Co., et al.,* 88 F. 659, (CCA 7th, Ind. 1898), and 25 C. J. S., Customs and Usages, § 32, p. 125. We do not believe that these citations are in any way controlling authority. *Southern Indiana, supra,* deals with a proceeding for injunctive relief seeking to enjoin an express company from demanding prepayment of charges. This case is not authority for the question of sufficiency of pleading in alleging custom and usage in a negligence suit. In regard to the citation of 25 C. J. S., *supra,* it is sufficient to note that as to the pleading requirements set forth therein, no Indiana authority is cited. In addition, this section is addressed solely to custom and usage as they affect contracts.

It is difficult to comprehend what other facts the appellant might have pleaded to more properly allege an application of the principles of custom and usage. It seems that the appellee would have the appellant plead his evidence. This he is not required to do. The appellee claims that the appellant pleaded only conclusions and not facts. However, we believe that the appellant pleaded a fact, i.e., that it was the custom and practice of the appellee to odorize its gas. As previously discussed, if such fact is proven, a jury could find that the exception to the custom and usage in the face of the reliance by the workers was a breach of the duty of due care, and therefore negligence.

It should be noted that § 2-1004, Burns' 1946 Replacement provides in substance that a complaint shall state facts constituting the cause of action in plain and concise language ■ sufficient to enable a person of common understanding to know what is intended and to apprise a defendant of what he will be called upon to defend. We believe that this has been done in the case at bar and that such facts without

any conclusions constitute a cause of action sufficiently pleaded.

The appellee raised another point in his memorandum, to-wit: assuming negligence on the part of the appellee, such negligence was not the proximate cause of the accident, but rather the two workmen of the plumbing contractor provided an intervening act of negligence which proximately caused the injury complained of. A demurrer only attacks those defects appearing on the face of the complaint. § 2-1007, Burns' 1946 Replacement; *Matlaw Corp.* v. *War Damage Corp.* (1953), 123 Ind. App. 593, 112 N. E. 2d 233. We do not believe that the complaint shows on its face that the appellee is correct in its contention that there was an act or acts of intervening negligence. The contentions made pertain more to evidentiary matters and the ultimate question to be determined is a mixed question of fact and law. It is very difficult to discern between concurring and intervening negligence except as established by the evidence. These questions can only be properly viewed after the submission of evidence in a trial on the merits.

For all the foregoing reasons, the judgment of the trial court is reversed with instructions to vacate and set aside the judgment for the appellee and to overrule the appellee's demurrer and to sustain the appellant's motion for a new trial and further proceedings not inconsistent with this opinion.

Smith, C. J., Carson and Prime, JJ., concur.

Mote, J., Dissents with Opinion in which Bierly, J., concurs.

Faulconer and Wickens, JJ., not participating.

DISSENTING OPINION

MOTE, J.—I wish to dissent herein to the majority holding of this Court.

The only question presented by this appeal is the ruling of the trial court which sustained appellee's demurrer addressed

to appellant's fourth amended second paragraph of complaint, hereinafter sometimes referred to as "complaint," seeking to recover damages for personal injuries alleged to have been sustained by said appellant as the result of an explosion on June 21, 1961. It is made to appear that the original complaint was against Lehigh Portland Cement Co., Cherne Co., Inc., Fruin-Colnon Contracting Co., and The Mitchell Trucking Company. Appellant later added appellee as a defendant, and the action against all other parties at various times apparently was dismissed.

Said fourth amended second paragraph of complaint alleges in substance the following:

Appellee, an Indiana corporation, engaged in the supply and the sale of natural gas to the public, knew, or reasonably should have known it to be a highly inflammable and explosive substance with a tendency to escape, and plumbers and pipe fitters were employed by industrial contractors to connect gas appliances to gas lines supplying natural gas; in order to prepare such appliances for use it was necessary to bleed, or purge, the air from said pipes or lines until gas begins to flow through the same and said plumbers and pipe fitters rely on their sense of smell to detect appellee's gas by its odor, when it begins to flow through and out of said pipes and lines into the air; in the exercise of due care in the sale of said gas products it was and is appellee's custom, well established by long practice and community wide usage, to odorize said gas as a protection against its unnoticed escape into the air. It is further alleged that appellee knew, or reasonably should have known, that pipe fitters relied solely upon the odor in said gas to detect the same when flowing in the bleeding operation.

It is further alleged that on said date, Lehigh Portland Cement Company was the owner of a plant, including a building for manufacturing, east of Mitchell, Indiana, and a plumbing contractor, The Cherne Company, Inc., had been employed

by the owner to install, and it already had installed, a certain gas line from appellee's gas supply line to said building.

The appellee, according to the allegations, supplied gas for said Lehigh Portland Cement Company plant, including the building above referred to, and on the above mentioned date Emory Cooper and Lloyd Ramsey, pipe fitters and plumbers, employees of The Cherne Company, Inc., began to bleed said gas pipe for the purpose of connecting the same to a certain hot water heater and other appliances in said building; said Cooper and Ramsey live in the community where appellee sold its gas and had practiced their trade in said community for a number of years prior to said time, and they knew that appellee "heretofore had odorized its said gas and they knew the longstanding custom and practice of said defendant to odorize its gas, and said employees, relying on said long-standing custom and practice of said defendant to odorize said gas, began to bleed said gas pipes and lines that had heretofore been constructed until gas began to flow therefrom"; that said bleeding of said gas lines was in said building of Lehigh Portland Cement Company, as aforesaid; that said gas flowed and escaped from said gas lines during said bleeding and escaped into said building undetected by said Emory Cooper and Lloyd Ramsey, for the reason that said gas was not odorized; that at said time and place after said gas had escaped and, being unnoticed, accumulated in said building, said gas suddenly and without warning violently exploded, causing said building to explode and fall apart with great force and violence.

"6.

That said defendant knew, or should have known by the exercise of ordinary care, that Lehigh Portlant Cement Co., its agents or contractors and their employees would necessarily have to bleed gas lines to use the defendant's gas; and that they knew, or should have known by the exercise of ordinary care, that plumbers and pipefitters would rely upon the odor in the gas to determine when said pipes had been bled.

### 7.

That at the time and place of said explosion, which was at about the hour of 12:50 p.m., the plaintiff was standing on a board on a ladder rack which was on a truck directly adjacent to the north side of said building aforesaid, and plaintiff was engaged in soldering seams on the guttering of said building and facing south. That when said explosion occurred, parts of said building struck plaintiff and said explosion threw him through the air and upon the ground, inflicting upon him injuries, . . ."

Appellant further alleges that the explosion and his injuries were the direct and proximate result of negligence as set forth in Specifications (a) to (e), both inclusive. Such specifications include:

(a) Failure to odorize said gas.

(b) Failure adequately to odorize said gas so that the same could be detected at the site where bleeding of the pipe took place, such inadequate odorization being unknown to appellant but well known to defendant.

(c) Failure to notify Lehigh Portland Cement Company and The Cherne Company, Inc., and their employees, the said Emory Cooper and Lloyd Ramsey, that the gas delivered by appellee was not odorized.

(d) That appellee having known, or by the exercise of reasonable caution should have known, that plumbers and pipe fitters, including Cooper and Ramsey, solely relied upon the odor in said gas to detect the same, failed to warn or notify Lehigh Portland Cement Company or The Cherne Company, Inc., or its agents or employees, including Cooper and Ramsey, of its discontinuance of its custom and usage of odorizing said gas, and finally

(e) That appellee having known, or by the exercise of reasonable caution should have known, that plumbers and pipe fitters in the community, including Cooper and Ramsey, relied solely upon the odor in the gas to detect the same, negligently failed to notify The Cherne Company, Inc., pipe fitters, in-

cluding Cooper and Ramsey, on said date that said gas was not odorized.

The fourth amended second paragraph of complaint alleges injuries caused as a direct and proximate result of the above referred to negligence and certain alleged facts concerning his disability, loss of time, etc. However, for this purpose we regard it as unnecessary to make reference to such additional allegations.

Appellee filed motion to make said complaint more specific, which was finally overruled, and thereafter filed a demurrer accompanied by memorandum to said fourth amended second paragraph of complaint which, omitting the formal parts, reads as follows:

"The defendant, Indiana Gas & Water Co., Inc., demurs to the fourth amended second paragraph of complaint and for cause of demurrer alleges and says:

That the fourth amended second paragraph of complaint fails to state facts sufficient to constitute a cause of action against this defendant."

The memordandum accompanying the demurrer sets forth in significant essence that the *said complaint fails to allege facts sufficient at law to show that appellee breached or violated a duty owing by it to appellant,* which breached or violated duty to said appellant was the proximate cause of the explosion and resulting injuries; that said pleading shows on its face that the proximate cause of the *accident* and resulting injuries was the act and conduct of the employees of The Cherne Company, Inc., thus creating a legal intervening act; and that any act of negligence on the part of the appellee would become a remote cause, if indeed appellee was negligent in any manner.

The trial court sustained the demurrer and upon the refusal of appellant to plead over, a judgment was rendered against appellant and in favor of appellee, resulting in this appeal. The only error assigned therein is that the trial court erred in sustaining said demurrer.

Counsel for both parties have presented us with excellent briefs and pertinent oral arguments. Without extensive comment, I think we may assume that the within action is based upon allegations of negligence which would be sufficient to withstand demurrer, provided such acts of negligence were charged against the appellee by one to whom a duty is owed. After laying the groundwork of negligence on the part of appellee, appellant merely alleges that at the time of the ensuing explosion, when he was soldering seams in or on the eaves of the building involved, he was injured.

It will be noticed that the appellant has alleged no duty owing to him by the appellee.

We conclude that the rule enunciated in 21 I. L. E., pages 372, 373, Section 142, Chapter 6, under Negligence, appears to have strict application to the case at bar. It is said that:

> "The complaint in an action for negligence must show the existence of a legal duty on the part of defendant to exercise care *as to the person* . . . *injured* at the time and place of the injury. So, it is insufficient to allege merely that defendant negligently performed or failed to perform certain acts whereby the injury was caused, without an allegation showing defendant's duty in the matter.
>
> "In order for the pleading to be sufficient, the duty of care on the part of defendant must be shown by an allegation of facts from which the duty follows as a matter of law. It is sufficient to state facts from which the duty so arises without showing the details, and if the facts stated show a legal duty of care, an express allegation of such duty is not necessary. A mere allegation of the existence of such duty, without a statement of the facts from which it arises, is insufficient as being a mere statement of a legal conclusion." (Emphasis supplied.) See authorities thereunder cited.

A careful study and analysis of the complaint discloses no such allegations therein, either of facts or conclusions, which would impose any duty of appellee to appellant, and even though we were to regard the specifications of negligence alleged in the complaint sufficient to withstand demurrer, if

a duty were alleged by appellee to appellant, in the absence of such allegation we have no authority to overrule the trial court or to hold that the complaint, considered in its entirety, in fact does allege or show such duty.

I would affirm the judgment.

Bierly, J., concurs.

### ON PETITION FOR RE-HEARING

HUNTER, J.—For a complete statment of the facts involved, see the original opinion in 218 N. E. 2d 556 (1966). The question presented on this appeal is whether the appellant's complaint stated a cause of action sufficient to withstand a demurrer. The lower court sustained the appellee's demurrer, after which the appellant refused to plead over. The appellant then filed a motion for new trial which was overruled. Subsequently the appellant brought this appeal assigning the ruling on the motion for new trial as error.

The main question presented by this appeal is whether under the laws of negligence the appellee in the exercise of due care was bound to odorize the gas which it distributed and if so, was the failure to odorize the gas the proximate cause of injury to the appellant.

The appellant alleged that the appellee was bound to odorize the gas which it produced and distributed as the standard of reasonable care requires that:

(1) "it is both in keeping with due care in the sale of the defendant's gas products," and such practice

(2) "was and is the custom of the defendant, well established by its long practice and community wide usage . . ."

In the original opinion, it was stated we did not find it necessary to pass on the question presented by the first allegation, to-wit: whether or not the law recognizes that a reasonable and prudent distributor of natural gas should odorize

the gas it distributes in the exercise of due care regardless of past or present conduct. We stated that it was sufficient that appellant alleged it was "the custom and usage of the defendant, well established by its long practice and community wide usage. . . ." We held on the basis of *William Laurie Co.* v. *McCullough* (1910), 174 Ind. 477, 90 N. E. 1014, 92 N. E. 337, that the appellant alleged a long established practice of the appellee to be relevant in defining whether in the exercise of reasonable care the appellee was bound to odorize its gas. We stated that this would be sufficient to establish the fact that the appellee should have odorized its gas.

We are now of the opinion that the authorities cited therein are inapplicable for the reason that the appellant did not allege that it was the custom and practice of the industry to odorize the gas; rather the appellant alleged that it was the custom and practice of the appellee to odorize the gas. Therefore, *William Laurie Co.* v. *McCullough, supra,* is not pertinent to the case at bar under such an allegation, for said case pertains to custom and usage of an industry, etc.

However, this does not change the result of this case. The second allegation relating to the custom of the appellee to odorize its gas remains valid. Assuming the law does not recognize that a gas company is bound to odorize its gas in keeping with the duty of reasonable care in the distribution of natural gas, the appellee may still be liable under the principles of affirmative conduct. Even though the appellee was not bound to odorize its gas in the first instance, once it developed the practice of odorizing the gas, it became liable for negligence in such action.

The facts at bar are analogous to the situation where a railroad maintains a flagman or warning signal at a crossing even though it is not bound by law or statute. However, once it has built up a reliance on the part of others, a failure to give warning of the discontinuance of the practice or a failure to maintain the practice as to a particu-

lar instance will result in negligence. *Greenfield* v. *Terminal R. Ass'n of St. Louis*, (1937), 289 Ill. App. 147, 6 N. E. 2d 888 and cases cited. See also *Nelson* v. *Union Wire Rope Corporation* (1964), 31 Ill. 2d 69, 199 N. E. 2d 769, dealing with the situation of duties arising from a gratuitous act, and Prosser, *Law of Torts*, ch. 10, p. 342 (1964 Ed.).

Consequently, in the facts at bar even though the appellee may have been under no duty originally to odorize its gas, after it started such a practice, it was bound to use reasonable care. Whether the failure to warn others of discontinuing the practice, or merely failing in the practice at the particular time in question was a negligent act is a question of fact for the jury or the court in a trial on the merits.

Furthermore, we are now of the opinion that the appellee was bound in the exercise of due care to odorize the natural gas which it distributed. The court has previously stated:

> "Courts take judicial knowledge of the fact that natural gas is a highly inflammable and explosive substance." *Public Service Co. of Ind.* v. *Dalbey* (1949), 119 Ind. App. 405, 415, 85 N. E. 2d 368.

In view of the dangerous propensities of natural gas and its odorless state, it would seem that these facts present a compelling basis for the principle that distributors of natural gas should be bound to odorize such gas in order to give a warning of its presence.

We hold that this practice is encompassed within the duty of distributors to exercise reasonable care in the distribution of natural gas. No previous Indiana cases have so held, neither have any held to the contrary. However, other jurisdictions support this holding. See *City of Villa Rica* v. *Couch*, 281 F. 2d 284 (5th C. C. A. 1960) ; *Winkler* v. *Macon Gas Co.* (1951), 361 Mo. 1017, 238 S. W. 2d 386, dealing with propane gas; *Doxstater* v. *Northwest Cities Gas Co.* (1944), 65 Idaho 814, 154 P. 2d 498, dealing with butane gas.

In view of this holding, the allegation of custom and usage is unnecessary. In alleging that the appellee was bound to odorize the natural gas in exercising due care, the complaint stated facts sufficient to constitute a cause of action and the demurrer should have been overruled.

We make no changes in that part of the original opinion dealing with the issue of intervening or concurring acts of negligence other than to refer to the recent authority of our Supreme Court in *Elder* v. *Fisher* (1966), 247 Ind. 598, 217 N. E. 2d 847 in further support of our position.

Petition for re-hearing denied.

Wickens, C. J., and Faulconer, J., not participating.

Mote, P. J., dissents with statement.

Bierly, Carson, Prime and Smith, JJ., concur.

## ON PETITION FOR RE-HEARING

### (DISSENT)

MOTE, P. J.—Our dissent to the original opinion and decision reported in 218 N. E. 2d 556 (1966), was not based upon the conclusions stated by the majority on Petition for Rehearing. As a matter of fact we would be required to hold that the specifications of negligence were sufficient to withstand demurrer. The deficiency in the complaint to which the demurrer was sustained lies in the fact that the said complaint does not allege facts sufficient to permit appellant the opportunity to establish by evidence the necessary requisites that appellee owed any duty whatsoever to appellant.

We tried to point out the deficiency in our dissenting opinion. We regard as essential obligations of duty owing by the defendant to plaintiff in an action of this character. Not only is it necessary to allege facts showing such duty; it also is necessary to prove the same once the matter comes to trial. Appellee's demurrer relied upon the lack of allegation of facts concerning this duty which make the complaint fatally de-

fective and the demurrer, in our opinion, was properly sustained.

NOTE.—Reported in 218 N. E. 2d 556. Rehearing denied reported in 221 N. E. 2d 693.