Paul D. VAN DUYN, as Personal Representative of the Estate of Judy Maureen Van Duyn, Deceased, Appellant–Plaintiff,

v.

COOK–TEAGUE PARTNERSHIP, d/b/a Coin King Size Laundry, Appellee–Defendant.

No. 48A02–9710–CV–726.

Court of Appeals of Indiana.

May 6, 1998.

Richard A. Young, Young & Young, Indianapolis, John A. Young, John A. Young & Associates, Indianapolis, for Appellant–Plaintiff.

Robert W. Wright, Locke, Reynolds, Boyd & Weisell, Indianapolis, for Appellee–Defendant.

## OPINION

GARRARD, Judge.

### STATEMENT OF THE CASE

Paul D. Van Duyn, as personal representative of the estate of Judy Maureen Van Duyn, ("Van Duyn") appeals the trial court's entry of summary judgment in favor of Cook–Teague Partnership d/b/a Coin King Size Laundry ("Cook–Teague"). The sole issue presented for our review is whether the trial court erred when it concluded as a matter of law that Cook–Teague owed no duty to Van Duyn. We affirm.

### FACTS

Cook–Teague owns and operates a laundromat known as the Eighth Street Laundry located in Anderson, Indiana. For over twelve years, Cook–Teague has employed a male janitor, Donald Manis, to clean three of its laundromats, including the Eighth Street Laundry. Manis worked two nights a week from 11:00 p.m. to 7:00 a.m., and three nights a week from 9:30 p.m. to 5:30 a.m. Manis never worked on Tuesday or Wednesday nights. On the nights he worked, Manis

traveled between the three laundromats performing his janitorial services, usually returning to the Eighth Street Laundry in the later hours of the night.

On Wednesday, June 17, 1992, at approximately 10:00 p.m., Judy Van Duyn left her home and went to do laundry at the Eighth Street Laundry. Manis was on vacation that week and was not present at the laundromat. Sometime after midnight, Judy Van Duyn was robbed and abducted by a man named Benny Lee Saylor as she brought her clothes out to her van. Saylor forced Judy Van Duyn to drive to a nearby farm and then fatally stabbed her forty-five times.[1] During the thirty-three year period between its opening and Judy Van Duyn's abduction and subsequent murder in 1992, there had never been any instance of a violent personal crime committed on the premises of the Eighth Street Laundry.

On June 13, 1994, Paul D. Van Duyn, as the personal representative of the estate of Judy Van Duyn, filed a wrongful death complaint against Cook–Teague alleging that Cook–Teague negligently operated the Eighth Street Laundry and that such negligence was the proximate cause of Judy Van Duyn's death. Thereafter, Cook–Teague filed its motion for summary judgment. On December 20, 1996, the trial court entered summary judgment in favor of Cook Teague concluding that Cook–Teague owed no duty to Judy Van Duyn as a matter of law.

### DISCUSSION AND DECISION
#### Standard of Review

When reviewing a motion for summary judgment, we apply the same standard as the trial court, and we resolve any doubt as to any fact or inference to be drawn therefrom in favor of the party opposing summary judgment. *Gilliam v. Contractors United, Inc.,* 648 N.E.2d 1236, 1238 (Ind.Ct.App.1995), *trans. denied.* Summary judgment is appropriate only if the designated evidentiary matter shows there is no genuine issue as to any material fact and the moving party is entitled

---

1. For more specific facts of the criminal case against Benny Lee Saylor, *see Saylor v. State,* 686

N.E.2d 80 (Ind.1997).

to judgment as a matter of law. Ind.Trial Rule 56(C). The party appealing the entry of summary judgment has the burden of persuading this court that the trial court's grant of summary judgment was erroneous. *Jordan v. Deery*, 609 N.E.2d 1104, 1107 (Ind. 1993).

### Duty

To recover in negligence, the plaintiff must establish: (1) a duty on the part of the defendant to conform his conduct to a standard of care arising from his relationship with the plaintiff; (2) a failure on the part of the defendant to conform his conduct to the requisite standard of care; and (3) an injury to the plaintiff proximately caused by the breach. *Sheley v. Cross*, 680 N.E.2d 10, 12 (Ind.Ct.App.1997), *trans. denied.* Absent a duty, there can be no breach and, therefore, no recovery for the plaintiff in negligence. *Id.*

■ Van Duyn acknowledges that generally there is no duty on the part of a business owner to protect its patrons against the criminal acts of third persons. *Welch v. Railroad Crossing, Inc.*, 488 N.E.2d 383, 388 (Ind.Ct. App.1986). Indeed, a duty to anticipate and to take steps to protect against a criminal act of a third-party arises only when the facts of a particular case make it reasonably foreseeable that a criminal act is likely to occur. *Id.* Van Duyn concedes that Saylor's attack on her was unforeseeable. Nevertheless, Van Duyn maintains there is a genuine issue of material fact as to whether her claim falls within an exception to the general rule. We will address each argued contention in turn.

■ First, Van Duyn contends that Cook–Teague assumed a duty to protect her from murder by having a male employee present at the Eighth Street Laundry late at night for many years, and that she relied on his presence for her safety. A duty may be created when one assumes or undertakes a duty to act through affirmative conduct or agreement. *Johnson v. Owens*, 639 N.E.2d 1016, 1019 (Ind.Ct.App.1994), *trans. denied.* Assumption of a duty creates a special rela-

tionship between the parties and a corresponding duty to act in the manner of a reasonably prudent person. *Robinson v. Kinnick*, 548 N.E.2d 1167, 1168 (Ind.Ct.App. 1989), *trans. denied.* Although the question of whether a party has assumed or undertaken a duty is generally for the jury, assumption of a duty may be determined as a matter of law when there is no genuine issue of material fact. *See Johnson*, 639 N.E.2d at 1019.

■ Here, there is no designated evidence that Cook–Teague, through affirmative conduct or agreement, gratuitously undertook a duty to protect Van Duyn, or any of its customers, from the unforeseeable criminal act of a third-party. Cook–Teague employed a male janitor who worked five nights a week, traveling between all three of its laundromats performing janitorial duties. Manis' employment duties were janitorial and the designated evidence shows that Manis was neither required by his employer, nor ever requested by any customers, to perform any security functions. Moreover, despite Van Duyn's argument that she relied on Manis' presence for her security, there is no evidence that Cook–Teague made any representations through its conduct or by agreement that Manis' presence at the Eighth Street Laundry was for the benefit of its customers' security or any representations regarding what hours Manis would be present at the Eighth Street Laundry. Indeed, Manis never worked on Wednesday nights, the night of the week Van Duyn was abducted and murdered. Because the undisputed facts indicate that Manis' presence at the Eighth Street Laundry was for Cook–Teague's benefit of having a clean laundry and not for the security benefit of customers, Cook–Teague did not assume a duty to protect Van Duyn from the unforeseeable criminal act of a third-party.

■ Next, Van Duyn contends that a duty may be established in this case based upon Cook–Teague's custom and practice of having an employee on duty at night.[2] In

---

2. We note that an individual defendant's own record of past conduct, as opposed to an industry or community custom, is generally referred to as

"habit" rather than custom. *See* W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 33, at 195 (5th ed. 1984). However, for clarity, we

support of her proposition, Van Duyn relies solely upon this court's opinion in *Roberts v. Indiana Gas & Water Co.*, 140 Ind.App. 409, 218 N.E.2d 556 (1966), *reh'g denied*, 140 Ind. App. 409, 221 N.E.2d 693 (1966). In *Roberts*, we concluded that the defendant gas company had a legal duty to distribute natural gas in a reasonably safe and prudent manner. We also held that evidence of the long-established custom and practice of the defendant in odorizing the natural gas it distributed was relevant to the determination of whether reasonable care required the defendant to odorize its gas in the exercise of its legal duty. However, as correctly noted by Cook–Teague, *Roberts* stands only for the proposition that custom and practice may be relevant evidence of the standard of care *after* the law has already recognized a duty of care. *See Ingram v. Hook's Drugs, Inc.*, 476 N.E.2d 881, 884 n. 1 (Ind.Ct.App.1985), *trans. denied.* As we have stated, Cook–Teague, as a business owner, owed no legal duty to Van Duyn to protect her against the unforeseeable criminal act of a third-party. The alleged custom and practice of Cook–Teague may not be used to establish a duty in the first place. Accordingly, the holding in *Roberts* is inapplicable in the instant case.

More importantly, we agree with Cook–Teague that, even assuming that evidence of its custom and practice is relevant to the question of whether it owed a duty to Van Duyn, the designated facts are insufficient to create a genuine issue for trial. The undis-

puted evidence of Cook–Teague's custom and practice was to have a male janitor present at the Eighth Street Laundry during non-specific hours five nights per week. It was also the undisputed custom and practice of Cook–Teague to never have a male janitor present at the Eighth Street Laundry on Wednesday nights, the night Van Duyn was abducted and murdered. It was not the custom and practice of Cook–Teague to have a male present for the security of its customers on any night of the week.

■ We disagree with Van Duyn that it is her "perception" of Cook–Teague's custom and practice rather than its actual custom and practice that should be considered in the instant case. A defendant cannot be bound by a duty based upon a custom and practice that exists not in reality but only in the mind of the plaintiff. As a matter of law, Cook–Teague owed no duty to Van Duyn based upon custom and practice. The trial court properly granted summary judgment in favor of Cook–Teague.

Affirmed.

STATON and RUCKER, JJ., concur.

will refer to the terms custom and practice as used in prior precedent of this court.