**Justin K. BASICKER, by his next friend, Amy Basicker JOHNSON; Holli Sue Basicker, by her next friend, Amy Basicker Johnson; Amy Basicker Johnson; and Steve Johnson, Appellants–Plaintiffs,**

**v.**

**DENNY'S, INC., Appellee–Defendant.**

No. 49A02–9804–CV–352.

Court of Appeals of Indiana.

Jan. 25, 1999.

John L. Davis, Pritzke & Davis, Greenfield, for Appellants–Plaintiffs.

Richard A. Rocap, Jeffrey V. Crabill, Rocap Witchger & Threlkeld, Indianapolis, for Appellee–Defendant.

## OPINION

BAKER, Judge.

Appellants-plaintiffs Justin K. Basicker, Holli Sue Basicker, Amy Johnson and Steve Johnson (collectively, the plaintiffs), appeal from the trial court's grant of summary judgment in favor of appellee-defendant Denny's, Inc. (Denny's), upon their complaint for negligence, claiming that a genuine issue of material fact existed as to whether Denny's failed to exercise reasonable care to prevent bodily injury to the plaintiffs. Additionally, the plaintiffs assert that the actions of a Denny's employee were the proximate cause of their injuries.

### FACTS

On May 23, 1994, at approximately 11:00 a.m., the plaintiffs entered a Denny's restaurant in Indianapolis to eat lunch. This particular Denny's was located in a "low crime" area. Thomas and Ronald Mathisen, who were both armed, were also customers of the restaurant. At approximately 11:30 a.m., Thomas proceeded to the rear kitchen area of the restaurant and demanded the keys from Robert Doan, the manager. An affidavit provided by Thomas alleged that Doan attempted to grab the pistol from his hands, and while doing so, the gun discharged striking Doan with a bullet.[1] Ronald, who remained in the customer area of the store, heard the shots, immediately panicked and

---

1. While we construe the evidence most favorable to the plaintiffs, we note that Denny's disputes the claim that Doan attempted to grab the gun from Thomas. Record at 332.

began shooting his weapon at other Denny's patrons. During the incident, plaintiffs Justin Basicker and Steve Johnson were both shot. Amy Johnson, who was Justin's mother, dove to the floor, bumped into other patrons, and became separated from her daughter, Holli Sue, when the Mathisens proceeded to hold her hostage. Amy also noticed Justin's bullet wound to the face. As a result of the incident, Justin sustained serious facial injuries and has undergone a number of surgeries and restorative treatments. Steve was shot in the torso, and Amy has suffered severe anxiety attacks. Seven-year-old Holli Sue heard the gunshots, saw Justin bleeding, fell to the floor and was also held hostage by the Mathisens. As a consequence, Holli Sue has suffered mental and emotional distress.

On July 10, 1995, the plaintiffs filed a complaint against Denny's, alleging that it had failed to exercise reasonable care for their safety and that Denny's had failed to provide adequate instructions to its employees as to how to react to criminal activity that occurs on the premises. The complaint further alleged that Doan's actions in grabbing the pistol violated the restaurant's policy and the general tenets of security, which precipitated the shootings and other injuries to the plaintiffs. Thus, the plaintiffs maintained that such actions were foreseeable and attributable to Denny's and that Doan's actions were a direct and proximate cause of their injuries. Record at 10–11.

Thereafter, on December 22, 1997, Denny's filed a motion for summary judgment, asserting that it was entitled to judgment as a matter of law because the Mathisens' criminal conduct constituted an independent intervening cause of the plaintiffs' injuries. Thus, Denny's claimed that it had no duty to protect the plaintiffs from the Mathisens' unforeseeable criminal conduct. Following a hearing on the motion, the trial court granted summary judgment and entered final judgment for Denny's on February 25, 1998. The plaintiffs now appeal.

### DISCUSSION AND DECISION

#### I. Standard Of Review

In reviewing the trial court's grant of summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *Smith v. Allstate Ins. Co.,* 681 N.E.2d 220, 223 (Ind.Ct. App.1997). We do not weigh evidence, but will liberally construe the facts in the light most favorable to the nonmoving party. *General Motors Corp. v. Northrop Corp.,* 685 N.E.2d 127, 132 (Ind.Ct.App.1997), *trans. denied.* Summary judgment should be granted only when the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). On appeal, we must determine whether there is a genuine issue of material fact and whether the law has been correctly applied by the trial court. *City of Elkhart v. Agenda: Open Government, Inc.,* 683 N.E.2d 622, 625 (Ind.Ct.App. 1997), *trans. denied.* The party appealing the grant of summary judgment has the burden of persuading this court on appeal that the trial court's ruling was improper. *Jordan v. Deery,* 609 N.E.2d 1104, 1107 (Ind. 1993).

#### II. The Plaintiffs' Claims

#### A. Duty and Foreseeability

The plaintiffs claim that the grant of summary judgment for Denny's was error because the designated evidence established that the Mathisens' actions were foreseeable and the restaurant breached its duty to exercise reasonable care for the plaintiffs' safety. Specifically, they contend that a genuine issue of material fact exists because it was Doan's action in grabbing Thomas Mathisen's gun that precipitated the shooting and hostage situation.

To resolve this issue, we initially observe that to recover in a negligence action, the plaintiff must establish: (1) a duty on the part of the defendant to conform his conduct to a standard of care arising from his relationship with the plaintiff; (2) a failure on the part of the defendant to conform his conduct to the requisite standard of care; and (3) an injury to the plaintiff proximately caused by the breach. *Van Duyn v. Cook–Teague Partnership,* 694 N.E.2d 779, 781 (Ind.Ct.App.1998). Absent a duty, there can

be no breach and, therefore, no recovery for the plaintiff in negligence. *Id.*

Generally, there is no duty on the part of a business owner to protect its patrons against the criminal acts of third persons unless the particular facts make it reasonably foreseeable that the criminal act will occur. *Id.; see also Fast Eddie's v. Hall,* 688 N.E.2d 1270, 1272–73 (Ind.Ct.App.1997). Indeed, a duty to anticipate and to take steps to protect against a criminal act of a third party arises only when the particular circumstances render it reasonably foreseeable that a criminal act is likely to occur. *Van Duyn,* 694 N.E.2d at 781. Moreover, a business owner is not the insurer of the safety of his patrons. *Gunter v. Village Pub,* 606 N.E.2d 1310, 1312 (Ind.Ct.App.1993).

In the instant case, Denny's correctly asserts that there is no designated evidence in the record to support an inference that the attack by the Mathisens was foreseeable. In particular, there is no evidence that Denny's was alerted to the likelihood of harm by the prior actions of the Mathisens, either on the occasion of the injury or on previous occasions. And there was no evidence establishing that the Mathisens had exhibited any threatening behavior before they decided to take hostages. Moreover, there is no evidence to indicate that the Mathisens had a history of violent tendencies known by Denny's.

Denny's also points out that the restaurant was located in a "low-crime" area, and the plaintiffs presented no evidence of any previous attacks at that restaurant which might have alerted them to the potential harm that resulted in the instant case. Nothing about the Mathisens prior to the hostage-taking forewarned either the plaintiffs or Denny's of the likelihood of an impending attack by the Mathisens. R. at 380–81, 438 Therefore, the evidence most favorable to the plaintiffs supports Denny's contention that it had no knowledge of the Mathisens' propensity to commit criminal acts. *See L.W. v. Western Golf Ass'n,* 675 N.E.2d 760, 762–63 (Ind.Ct. App.1997) (foundation could not have reasonably foreseen that male scholarship recipient would rape female recipient in foundation's co-ed house where recipients were required to live, because it had no knowledge that male recipient had propensity for violence or sexual assault). Hence, the unforeseeable attack by the Mathisens supports the trial court's conclusion that no duty arose to protect the plaintiffs from criminal actions that Denny's had no way of foreseeing. *See Fast Eddie's,* 688 N.E.2d at 1273 (tavern had no common law duty to protect female patron from sexual assault and murder committed by assailant who was another patron of the tavern); *see also Welch v. Railroad Crossing, Inc.,* 488 N.E.2d 383, 390 (Ind.Ct.App. 1986).

### B. Proximate Cause

In a closely-related argument, the plaintiffs contend that the trial court erred in granting Denny's motion for summary judgment because the designated evidence establishes that their injuries were the direct and proximate result of Doan's negligence. Specifically, they claim that Denny's must be liable because Doan's actions in grabbing the pistol from Thomas ultimately led to the shootings and hostage-taking incident by the Mathisens.

Proximate cause is the limitation which courts have placed on the actor's responsibility for the consequences of his act or failure to act. *National R.R. Passenger Corp. v. Everton,* 655 N.E.2d 360, 365 (Ind. Ct.App.1995), *trans. denied.* A party's act is the proximate cause of an injury if it is the natural and probable consequence of the act and should have been reasonably foreseen and anticipated in light of the circumstances. *Walker v. Jones,* 511 N.E.2d 507, 509 (Ind.Ct. App.1987). However, a willful, malicious criminal act of a third party is an intervening act which breaks the causal chain between the alleged negligence and the resulting harm. *Fast Eddie's,* 688 N.E.2d at 1274; *see also Welch,* 488 N.E.2d at 388. While proximate cause is generally a question of fact, it becomes a question of law where only a single conclusion can be drawn from the facts. *Rogers v. Grunden,* 589 N.E.2d 248, 257 (Ind.Ct.App.1992), *trans. denied.*

Here, even assuming for purposes of summary judgment that Doan attempted to grab the gun from Thomas, the designated evidence fails to establish that such a

purported violation of Denny's security precautions was the proximate cause of the plaintiffs' injuries. We note that the record reveals that Doan and Thomas were in an area of the restaurant which was separated from Ronald, the second gunman. Doan was unaware that a second gunman existed, let alone that he may have posed any danger to the Denny's customers. Additionally, Ronald opened fire at the customers not in the direction of the gunshot he heard which purportedly caused him to panic. Thus, we cannot say that Ronald's act of shooting the customers had any logical relationship to the panic he allegedly experienced as a result of Thomas' gunfire. As a result, the evidence of two shootings occurring in two separate locations in the restaurant establishes that Denny's could not have foreseen the harm the plaintiffs suffered.

 Even more compelling, however, the record demonstrates that it was the intentional criminal acts of the Mathisens that was the intervening cause which served to break any causal chain between Denny's alleged negligence and the plaintiffs' injuries. We must not lose sight that it was Thomas Mathisen who initiated these tragic circumstances when he chose to confront Doan with a gun. Correspondingly, the danger to the plaintiffs emanated from the intentional acts of the Mathisens and not from those of Doan or Denny's. As a consequence, the injuries suffered by the plaintiffs were a natural and probable consequence of Ron shooting his gun. It was Ron Mathisen who should have foreseen and anticipated that his act of shooting would injure someone. To hold otherwise would render Denny's responsible for actions and events beyond its control, inasmuch as neither Doan nor Denny's placed the pistols into the hands of the Mathisens. Rather, it was the wilful conduct of the Mathisens in discharging their weapons that severed any causal link between Denny's alleged negligence and the injuries sustained by the plaintiffs.[2] Thus, the trial court prop-

erly granted Denny's motion for summary judgment.[3] *See Fast Eddie's,* 688 N.E.2d at 1274 (third party's criminal act breaks the causal chain between the alleged negligence and the resulting harm).

Judgment affirmed.

GARRARD, J., concurs.

ROBB, J., dissents with opinion.

ROBB, J., dissenting.

I respectfully dissent.

While summary judgment is rarely appropriate in negligence cases, *Tibbs v. Huber, Hunt & Nichols, Inc.,* 668 N.E.2d 248, 249 (Ind.1996), the majority opinion correctly points out that "generally there is no duty on the part of a business owner to protect its patrons against the criminal acts of third persons." *Van Duyn v. Cook–Teague Partnership,* 694 N.E.2d 779, 781 (Ind.Ct.App. 1998). A duty to anticipate and to take steps to protect against a criminal act of a third-party arises only when the *facts of a particular case* make it reasonably foreseeable that a criminal act is likely to occur. *Welch v. Railroad Crossing, Inc.,* 488 N.E.2d 383, 388 (Ind.Ct.App.1986) (emphasis in original). The foreseeability of a criminal act is determined by reference to the proprietor's *knowledge* of the actor's *behavior. Id.* For the proprietor to be held liable for a criminal assault under a common law theory of negligence, the proprietor must have been alerted to the likelihood of harm by the prior actions of the assailant, either *on the occasion of the injury* or on previous occasions. *Id.* (emphasis added).

In my view, it was foreseeable that attempting to grab a gun from an armed individual would result in shots being fired. At the time the store manager reached for the gun, he had some knowledge of the Mathisens' behavior, because the criminal act had

---

2. We note that as a result of this incident, Thomas pled guilty to Murder, Conspiracy to Commit Kidnaping and five counts of Kidnaping. R. at 400. Ronald pled guilty to Murder, four counts of Attempted Murder, Conspiracy to Commit Murder and Kidnaping. R. at 408. In exchange, the State agreed, *inter alia,* to withdraw its request for the death sentence.

3. In light of our resolution of the issues set forth above, we need not address the plaintiffs' remaining issues with respect to the applicability to the "modified impact rule" in these circumstances for the emotional damages claims advanced by Amy and Holli Sue.

already been set in motion. It is irrelevant that "[i]t was Ron Mathisen who should have foreseen and anticipated that his act of shooting would injury someone." Slip op. at 9. I believe that Doan should have foreseen that attempting to disarm Ron Mathisen would also result in injury.

This is more particularly so in light of Denny's policy concerning robberies. Restaurants such as Denny's anticipate crimes or they wouldn't have manuals and policies of this nature. Even if the anticipation of crime in general is not enough by itself to give rise to a duty to protect patrons, a duty must arise to refrain from negligent acts when a crime is actually in progress. I would hold that Denny's owed a duty of care to the plaintiffs to protect them from the Mathisen's criminal acts.

For an act to be the proximate cause of an injury, the injury must be a natural and probable consequence which, in light of circumstances, should reasonably have been foreseen or anticipated. *Rubin v. Johnson*, 550 N.E.2d 324, 331 (Ind.Ct.App.1990). Because of my conclusion regarding duty, I would also hold that the question of proximate cause is one for the jury.